1   Valentin A. Torres
2   1399 Leonard Drive
    San Leandro, CA 94577
3   Telephone: (510) 532-7105

4   Pro Se

**FILED**

ıⁱ ıⁱ  2 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8   **UNITED STATES DISTRICT COURT**

9   **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   J & J Sports Productions, Inc., | **Case No. 3:08-cv-00988-JSW** |
| 12        Plaintiff, | **NOTICE OF MOTION AND MOTION** |
| 13 | **TO DISMISS COMPLAINT** |
|          vs. | **(FRCivP 21, FRCivP 12(b)(6)** |
| 14 | |
| 15   Valentin A. Torres and Omar Torres, individually and d/b/a Star Laundry | **FOR:**   **Honorable Jeffrey S. White** |
| 16   a/k/a La Torta Loca #1, | **DATE:   Friday, September 12, 2008** |
| 17        Defendants. | **TIME:   9:00 AM** |

18

19

20   NOTICE IS HEREBY GIVEN that on September 12, 2008 at 9:00 a.m. Defendant

21   Valentin A. Torres' motion to dismiss the complaint, served and filed with this notice, shall be

22   heard in Courtroom 2, 17th Floor of the above-entitled Court, located at 450 Golden Gate

23   Avenue, San Francisco, California 94102.

24

25   Defendant Valentin A. Torres will and hereby does move this Court to dismiss the

26   complaint because Plaintiff inappropriately joined Torres as a party in this lawsuit. In addition,

27   the complaint is fatally flawed because it fails to allege sufficient facts to support a valid legal

28   claim against Torres.

**ORIGINAL**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    ISSUES TO BE DECIDED

### A. Inappropriate Joinder of Party (F.R.CivP 21)

Plaintiff alleges that Defendant "Valentin A. Torres, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Star Laundry a/k/a La Torta Loca #1."

Torres was the owner and operator of Star Laundromat from October 1, 2004 to December 31, 2004. To substantiate this period of ownership, a true and correct copy of the City of Oakland Account Details Report is incorporated herein and attached hereto as Exhibit "A." See also Omar's tax return statement from California Board of Equalization attached incorporated herein and attached hereto as Exhibit "B."

Torres is the owner and operator of La Torta Loca No. 1, a take-out food stand located at 3419 International Blvd., Oakland, California 94601. La Torta Loca is a totally separate business that is not affiliated in any way with Star Laundry. Torres does not own, operate, exercise dominion, control or management of Star Laundry.

### B. Title 47 U.S.C. Section 605 (Count I)

Plaintiff alleges that Torres violated Section 605 by unlawfully intercepting a championship fight program and publishing, exhibiting and divulging the program for "commercial advantage or private financial gain." (See Complaint, p. 4, ¶ 13.)

Torres not only denies the allegation, but had no knowledge that the championship fight program was being shown at the address where Torres' business is located. After Torres was served with the complaint, he obtained documents that show his son, Omar Torres, ordered and

paid for Pay Per View to watch the fight. Torres did not watch the fight. See Exhibit "A," incorporated herein and attached hereto.

### C. Title 47 U.S.C. Section 553 (Count II)

Section 553 prohibits the "Unauthorized Reception of Cable Service." Plaintiff alleges that by violating Section 447, Torres also allegedly violated Section 553.

Torres denies any conduct involving the unauthorized or authorized reception of cable service at his place of business. Moreover, Torres had no knowledge of any unauthorized or authorized reception of cable service in the building where his business is located.

### D. Conversion (Count III)

Plaintiff claims that Torres "tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit." (See Complaint, p. 6, ¶ 24.)

Torres denies the allegation of conversion for the same reasons indicated in paragraphs A, B, and C above.

## II.    RELEVANT FACTS

Valentin A. Torres became aware of this lawsuit for the first time on May 12, 2008. On that date, his daughter, Diana Torres, informed him that a Summons and Complaint had been left at his home in San Leandro. Defendant's son, Omar Torres, is named as a co-defendant in the lawsuit.

Torres' reaction to this lawsuit was, and remains, total disbelief. He is an innocent party and does not understand why he is being sued for allegedly violating two federal statutes involving unauthorized reception and publication of cable service.

The Complaint alleges that Torres "is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and

management of the commercial establishment doing business as Star Laundry a/k/a La Torta Loca #1 operating at 3419 International Blvd., Oakland, California 94601."

The above allegation is false. As previously stated, Torres was the owner-operator of Star Laundromat from October 1, 2004 to December 31, 2004. See Exhibit "A." Torres is the owner-operator of La Torta Loca No. 1, a take-out food stand located at 3419 International Blvd., Oakland, California 94601. Torres' son, Omar Torres is the former operator of Star Laundry. Although the two businesses shared a common address in the same building, they are two entirely separate businesses, each owned and operated by different individuals.

Torres is informed and believes and thereon alleges that an attempt to tie the two businesses together is a total fabrication by Plaintiff.

Based on Dish Network Pay-Per-View (PPV) documents obtained from Torres' son, the co-defendant, it appears that Plaintiff may be arbitrarily linking the Torres to his son's PPV order for the championship fight program. Without admitting any liability, Torres offers the following information only because his son's PPV order has some relevancy to the Complaint issue:

After Torres was served with the Summons and Complaint, he spoke to his son, Omar, in an effort to find out if he knew what the complaint was about. Subsequently, Torres obtained documents from his son which shows that on January 27, 2006, Omar Torres entered into an agreement with Dish Network for satellite television service. The contract and invoice for activation fee are in Omar Torres' name only. Torres was not a party to, had no prior knowledge of the PPV order, and was unaware that the fight program was being shown. True and correct copies of the PPV contract and invoice are incorporated herein and attached hereto as Exhibit "C."

The Complaint alleges that Plaintiff had "television distribution rights to *Fernando*

Page 4

*Vargas v. Shane Mosley Championship Fight Program* which took place on February 25, 2006."
(See Complaint, p. 3 ¶ 10.) The Complaint further alleges, in conclusory fashion, that Torres
"did unlawfully publish, divulge and exhibit the Program at the time of its transmission at his
Oakland California location (3419 International Blvd., Oakland California 94601)". (See
Complaint p. 4 ¶ 13.) Other than these conclusory allegations, Plaintiff fails to allege any
**specific facts** in Counts I, II, and III of the Complaint that show Torres violated 47 U.S.C. §§
605, 553. For example, the Complaint fails to state by what method or device the "unauthorized
interception, exhibition, publication, and divulgence" took place from Defendant's take-out
food stand. Moreover, the Complaint fails to state how Torres used the program to his
"commercial advantage or private financial gain." (See Complaint p. 4 ¶ 13.)

Counts I, II, and III are supported only by conclusory allegations, and, as a result, fail to
allege sufficient facts to support a valid legal claim.

## III.   LEGAL ARGUMENT

### A.   Inappropriate Joinder of Party

Rule 21 of the Federal Rules of Civil Procedure authorizes district courts to dismiss a
non-diverse defendant who has no real connection to the litigation. See *Whitaker v. American
Telecasting, Inc.,* 261 F3d 196, 206-07 (2d Cir.2001.) "It is well settled that Rule 21 invests
district courts with authority to allow a dispensable nondiverse party to be dropped at any time,
even after Judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826,
832, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989.) Rule 21 also states "Joinder may be
inappropriate for a variety of reasons, including situations in which joinder of parties produces
defects in jurisdiction or venue."

Because Plaintiff failed to show a factual nexus of Torres to the alleged violations of

federal statutes, it appears that the Court does not have personal jurisdiction over Torres.

Therefore, the Complaint against Defendant should be dismissed as a matter of law.

## B. A Motion to Dismiss a Complaint is Proper When the Complaint Fails to State Sufficient Facts to Support a Cognizable Legal Claim.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes trial courts to terminate lawsuits "that are fatally flawed in their legal premises." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys, Inc.,* 988 F.2d 1157, 1160 (Fed.Cir.1993). "A claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because it fails to allege sufficient facts to support a cognizable legal claim." *SmileCare Dental Group v. Delta Dental Plan of Cal.,* 88 F.3d 780, 783 (9th Cir.1996). "A claim will only be dismissed under Rule 12(b)(6) if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiff failed to state any facts to support the allegation that Torres managed or had any control over Star Laundry after December 31, 2004. . Plaintiff also failed to provide any facts to support allegations that Torres violated 47 U.S.C. 605 by engaging in the unauthorized publication of the championship fight program. Additionally, Plaintiff failed to provide any facts to support allegations that Torres violated 47 U.S.C. 553 by intercepting cable service. Finally, Plaintiff failed to provide any facts to support allegations that Torres obtained possession of the program and wrongfully converted it to his own use and benefit.

Thus, this lawsuit against Torres should be terminated because 1) it does not appear that this Court has personal jurisdiction over Torres and, 2) the complaint fails to allege sufficient facts to support a valid legal claim. To pursue such a burdensome claim against a totally innocent party does not, it appears, serve the ends of justice.

Page 6

## IV.    CONCLUSION

Based on the foregoing, Defendant Valentin A. Torres respectfully requests that this Court grant this motion to dismiss Counts I, II, and III of Plaintiff's Complaint and enter its order dismissing this action with prejudice.

Dated: 7 - 28 - 2008

VALENTIN A. TORRES
DEFENDANT PRO SE

**Page 7**

# EXHIBIT "A"

| Account Number | Business Name | | | | | |
|---|---|---|---|---|---|---|
| 3139484 | STAR LANDROMAT | | | | | |

| Business Address | | | | Mailing Address | | |
|---|---|---|---|---|---|---|
| 3419 INTERNATIONAL BLVD # A | | | | 3419 INTERNATIONAL BLVD | | |
| OAKLAND, CA 94601-3035 | | | | OAKLAND, CA 94601-3035 | | |

| | Business Phone | Status | Business Type | SIC | FEIN | Expiration Date |
|---|---|---|---|---|---|---|
| | | CLOSED | Business/Personal Servic | 7219 | 546351801 | 12/31/2004 |
| | | Current Balance | Business Subtype | BEAN | SEIN | License Issued Da |
| | | | 0 | 0 | 0 | 11/2/2004 |
| | Location Code | License Frequency | Contractor Number | PARCEL | CORPORATE ID | Start Date |
| | | 1 | | | ED6 | 10/1/2004 |
| | | | | EMPLOYEES | CONTRACTOR EXP | Cease Date |
| | | | | 0 | | 12/31/2004 |

| Contact Code | 01 | Contact Name | | | DOB | DL# |
|---|---|---|---|---|---|---|
| Owner 1 | | VALENTINO TORRES | | | | |
| | | Contact Address | | | PHONE | |

|  |
|---|
| Payment History |

| PAYTYPE | POSTDATE | AMOUNT | CHECK # | NOTES | CODE | UNITS |
|---|---|---|---|---|---|---|

# EXHIBIT "A"

| Account Number | Business Name | | | | | |
|---|---|---|---|---|---|---|
| 3139484 | STAR LANDROMAT | | | | | |

| Business Address | | | | Mailing Address | | |
|---|---|---|---|---|---|---|
| 3419 INTERNATIONAL BLVD # A | | | | 3419 INTERNATIONAL BLVD | | |
| OAKLAND, CA 94601-3035 | | | | OAKLAND, CA 94601-3035 | | |

| | Business Phone | Status | Business Type | SIC | FEIN | Expiration Date |
|---|---|---|---|---|---|---|
| | | CLOSED | Business/Personal Servic | 7219 | 546351801 | 12/31/2004 |
| | | Current Balance | Business Subtype | BEAN | SEIN | License Issued Da |
| | | | 0 | 0 | 0 | 11/2/2004 |
| | Location Code | License Frequency | Contractor Number | PARCEL | CORPORATE ID | Start Date |
| | | 1 | | | ED6 | 10/1/2004 |
| | | | | EMPLOYEES | CONTRACTOR EXP | Cease Date |
| | | | | 0 | | 12/31/2004 |

| Contact Code | 01 | Contact Name | | | DOB | DL# |
|---|---|---|---|---|---|---|
| Owner 1 | | VALENTINO  TORRES | | | | |
| | | Contact Address | | | PHONE | |

---

## Payment History

| PAYTYPE | POSTDATE | AMOUNT | CHECK # | NOTES | CODE | UNITS |
|---|---|---|---|---|---|---|

# EXHIBIT "B"

BOE-401-A (FRONT)

1515 CLAY STREET, SUITE 303
OAKLAND, CA 94612-1441
510-622-4100

STATE OF CALIFORNIA
BOARD OF EQUALIZATION

# STATE, LOCAL and DISTRICT SALES and USE TAX RETURN

**DUE ON OR BEFORE** Jan 31, 2007 for Year - Jan through Dec 2006     4206

| BOARD USE ONLY | | |
|---|---|---|
| RA-TT | LOC | REG |
| RA-BTR | AACS | REF |

**[ FOID                    ]**
Mail To:
S
BOARD OF EQUALIZATION
P.O.BOX 942879
SACRAMENTO, CA 94279-8062

SR   CH   **YOUR ACCOUNT NO.**
100-587174   4

3419 INTERNATIONAL BLVD, OAKLAND
NORTHSTAR LAUNDRYMAT
OMAR TORRES
1399 LEONARD DR
SAN LEANDRO, CA  94577-2420

EFF

01060-087-0000
79
06/05

RT-AA

**BEFORE PREPARING THIS RETURN, PLEASE READ THE RETURN INSTRUCTIONS INCLUDED.**                BOE USE

| | | | |
|---|---|---|---|
| **1** | TOTAL *(gross)* SALES | 1 | $ 6,039 .00 |
| **2** | PURCHASES SUBJECT TO USE TAX | 2 | .00 |
| **3** | TOTAL *(add lines 1 and 2)* | | 6,039 .00 |
| **11** | TOTAL NONTAXABLE TRANSACTIONS REPORTED *(enter total deductions from line 11 on the back)* | 11 | —0— .00 |
| **12** | TRANSACTIONS SUBJECT TO STATE TAX *(subtract line 11 from line 3)* | 12 | 6039 .00 |
| **12 a** | IF YOU ARE REQUIRED TO COMPLETE BOE-531-T, SCHEDULE T, enter amount from line 12, column C. | 12a | .00 |
| **13** | STATE TAX 6% *(multiply line 12 by .06 OR enter line 13 column D from BOE-531-T, Schedule T)* | | 362 .00 |
| **14 a** | TRANSACTIONS SUBJECT TO COUNTY TAX *(add amount in box 61 [back] and line 12 above)* | | 6039 .00 |
| **b** | COUNTY TAX 1/4% *(multiply line 14a by .0025)* | | 15 .00 |
| **15** | LOCAL TAX ADJUSTMENTS FOR AIRCRAFT COMMON CARRIERS **ONLY** *(see line 15 instructions)* | 15 | —0— .00 |
| **16** | TRANSACTIONS SUBJECT TO LOCAL TAX *(add or subtract line 15 to/from line 14a)* | | 6039 .00 |
| **17** | COMBINED STATE AND LOCAL TAX 1% *(multiply line 16 by .01) (additional schedules may apply - see line 17 instructions)* | | 60 .00 |
| **18** | DISTRICT TAX *(from Schedule A, line A11)* YOU **MUST** COMPLETE BOE-531-A, SCHEDULE A if you are engaged in business in a transactions and use tax district. | 18 | 90 .00 |
| **19** | TOTAL STATE, COUNTY, LOCAL AND DISTRICT TAX *(add lines 13, 14b, 17, and 18)* | 19 | 527 .00 |
| **20** | SALES AND USE TAX PAID TO OTHER STATES *(Enter the amount of tax paid for merchandise purchased out of state for use in California. The purchase price must be included in line 2 above.)* | 20 | .00 |
| **21** | NET TAX *(subtract line 20 from line 19)* | | 527 .00 |
| **22** | LESS TAX PREPAYMENTS   1st prepayment (Tax only) $   + 2nd prepayment (Tax only) $   = Total Prepayment | 22 | .00 |
| **23** | REMAINING TAX *(subtract line 22 from line 21)* | | 527 |
| **24** | PENALTY OF 10% (.10) is due if your tax payment is made, or your return is filed, after the due date shown above *(see line 24 instructions).* | PENALTY 24 | 53 .00 |
| **25** | INTEREST: One month's interest is due on tax for each month or fraction of a month that payment is delayed after the due date. The adjusted monthly interest rate is .00917 (11% divided by 12). | INTEREST 25 | 30 .00 |
| **26** | TOTAL AMOUNT DUE AND PAYABLE *(add lines 23, 24, and 25)* | 26 | $ 610 .00 |

IF YOU PAID BY CREDIT CARD AS DESCRIBED ON PAGE 1 OF THE INSTRUCTIONS CHECK HERE [ ].

*I hereby certify that this return, including any accompanying schedules and statements, has been examined by me and, to the best of my knowledge and belief is a true, correct and complete return.*

YOUR SIGNATURE AND TITLE          TELEPHONE NUMBER ( )          DATE 6/28/07

PRINT NAME AND TITLE          **S**

PAID PREPARER'S USE ONLY   PAID PREPARER'S NAME          PREPARER'S TELEPHONE NUMBER ( )

*Make a copy for your records.*

STATE OF CALIFORNIA
BOARD OF EQUALIZATION

## SCHEDULE A - COMPUTATION SCHEDULE FOR DISTRICT TAX

| DUE ON OR BEFORE | Jan 31, 2007 for Year - Jan through Dec 2006 | 4206 | | 79 |
|---|---|---|---|---|

| [ FOID ] | SR    CH | YOUR ACCOUNT NO.<br>100-587174 | 4 |
|---|---|---|---|

OMAR TORRES

| A1 | AMOUNT ON WHICH LOCAL TAX APPLIES<br>(Enter amount from line 16 on the front of your Sales and Use Tax Return.) | | $ 6039 | .00 |
|---|---|---|---|---|
| A2/A3 | DEDUCT sales delivered to any location not in a district tax area | 000 | - | .00 |
| A4 | AMOUNT OF DISTRICT TRANSACTIONS (Subtract line A2/A3 from line A1.)<br>(Report district transactions to the correct district tax areas in column A5.) | | $ 6039 | .00 |

**NOTE:  THE INCREASING NUMBER OF NEW CITY DISTRICTS HAS CHANGED THE WAY TAXES ARE REPORTED.
PLEASE READ THE SCHEDULE A INSTRUCTIONS ON PAGE 4.**

| DISTRICT TAX AREAS | | A5<br>REPORT LINE A4 TO<br>CORRECT DISTRICT(S) | A6/A7<br>ADD (+)/<br>DEDUCT (-)<br>ADJUSTMENTS | A8<br>TAXABLE AMOUNT<br>A5 plus/minus A6/A7 | A9<br>TAX<br>RATE | A10<br>DISTRICT TAX DUE<br>Multiply A8 by A9 |
|---|---|---|---|---|---|---|
| ALAMEDA CO. | 087 | 6039 | | 6039 | .015 | $ 90 .00 |
| CONTRA COSTA CO. | 025 | | | | .001 | .00 |
| CITY OF RICHMOND<br>(Contra Costa Co.) | 096 | | | | .015 | .00 |
| CITY OF PLACERVILLE<br>(El Dorado Co.) | 070 | | | | .0025 | .00 |
| CITY OF SOUTH LAKE TAHOE<br>(El Dorado Co.) | 097 | | | | .005 | .00 |
| FRESNO CO. | 099 | | | | .00725 | .00 |
| CITY OF CLOVIS (Fresno Co.) | 100 | | | | .01025 | .00 |
| CITY OF TRINIDAD<br>(Humboldt Co.) | 092 | | | | .01 | .00 |
| IMPERIAL CO. | 029 | | | | .005 | .00 |
| CITY OF CALEXICO (Imperial Co.)<br>(Expired 3-31-06) | 046 | Discontinued | | | .01 | .00 |
| INYO CO. | 014 | | | | .005 | .00 |
| CITY OF CLEARLAKE (Lake Co.) | 058 | | | | .005 | .00 |
| CITY OF LAKEPORT (Lake Co.) | 101 | | | | .005 | .00 |
| LOS ANGELES CO. | 036 | | | | .01 | .00 |
| CITY OF AVALON<br>(Los Angeles Co.) | 078 | | | | .015 | .00 |
| MADERA CO.<br>(Expired 9-30-05) | 034 | Discontinued | | | .005 | .00 |
| MARIN CO. | 102 | | • | | .0057 | .00 |
| CITY OF SAN RAFAEL<br>(Marin Co.) | 126 | | | | .01 | .00 |
| MARIPOSA CO. (Effective 4-1-05) | 103 | | | | .005 | .00 |
| MARIPOSA CO. (Expired 6-30-04) | 076 | Discontinued | | | .005 | .00 |
| TOTAL A11a  (Add amounts in column A10 on this page. Enter the total here **and** on line A11a below.) | | | | | | $ 90 .00 |



**Continued on back of form**

| A11a | TOTAL DISTRICT TAX  (Page 1, enter the total from line A11a above.) | $ .00 |
|---|---|---|
| A11b | TOTAL DISTRICT TAX  (Page 2, enter the total from line A11b on page 2.) | .00 |
| A11c | TOTAL DISTRICT TAX  (Page 3, enter the total from line A11c on page 3.) | .00 |
| A11 | TOTAL DISTRICT TAX  (Add lines A11a, A11b and A11c. Enter here and on line 18 on the front of<br>your Sales and Use Tax Return.) | $ 90 .00 |

## SCHEDULE A - COMPUTATION SCHEDULE FOR DISTRICT TAX

| ACCOUNT NUMBER | REPORTING PERIOD |
|---|---|
| SR   CH   100-587174 | Jan 31, 2007 for Year - Jan through Dec 2006 |

| DISTRICT TAX AREAS | | A5 REPORT LINE A4 TO CORRECT DISTRICT(S) | A6/A7 ADD ( + ) / DEDUCT ( - ) ADJUSTMENTS | A8 TAXABLE AMOUNT A5 plus/minus A6/A7 | A9 TAX RATE | A10 DISTRICT TAX DUE Multiply A8 by A9 |
|---|---|---|---|---|---|---|
| CITY OF SANTA CRUZ (Santa Cruz Co.) | 090 | | | | .005 | $          .00 |
| CITY OF CAPITOLA (Santa Cruz Co.) | 114 | | | | .001 | .00 |
| CITY OF SCOTTS VALLEY (Santa Cruz Co.) | 130 | | | | .0125 | .00 |
| SOLANO CO. | 066 | | | | .00125 | .00 |
| SONOMA CO. | 116 | | | | .005 | .00 |
| CITY OF SEBASTOPOL (Sonoma Co.) (Effective 4-1-05) | 118 | | | | .0075 | .00 |
| CITY OF SEBASTOPOL (Sonoma Co.) (Expired 3-31-05) | 083 | Discontinued | | | .00375 | .00 |
| CITY OF SANTA ROSA (Sonoma Co.) | 120 | | | | .0075 | .00 |
| STANISLAUS CO. | 059 | | | | .00125 | .00 |
| CITY OF VISALIA (Tulare Co.) | 091 | | | | .0025 | .00 |
| CITY OF FARMERSVILLE (Tulare Co.) | 121 | | | | .005 | .00 |
| CITY OF DINUBA (Tulare Co.) | 131 | | | | .0075 | .00 |
| CITY OF PORTERVILLE (Tulare Co.) | 132 | | | | .005 | .00 |
| CITY OF TULARE (Tulare Co.) | 133 | | | | .005 | .00 |
| CITY OF SONORA (Tuolumne Co.) | 093 | | | | .005 | .00 |
| CITY OF WOODLAND (Yolo Co.) (Effective 10-1-06) | 138 | | | | .005 | .00 |
| CITY OF WOODLAND (Yolo Co.) (Expired 6-30-06) | 075 | Discontinued | | | .005 | .00 |
| CITY OF WEST SACRAMENTO (Yolo Co.) | 081 | | | | .005 | .00 |
| CITY OF DAVIS (Yolo Co.) | 088 | | | | .005 | .00 |
| TOTAL A11c  (Add amounts in column A10 on this page. Enter the total here  and on line A11c on page 1 of Schedule A.) | | | | | | $          .00 |



# EXHIBIT "C"

 **DHA18 - $12 OFF FOR 3 MONTHS Agreement (Promo Code: 12RETDHA18)**



**Retailer Information:(name) AM PAC INTERNATIONAL DBA GOLDEN GATE SATELLITE TV (OE) OAKLAND (phone) (510) 635-6565 (agreement) 9760407**

**CUSTOMER:** Thank you for choosing DISH Network. This agreement (the "Agreement") sets forth the terms and conditions of the Digital Home Advantage promotion. Additional terms and conditions of service are contained in the Residential Customer Agreement provided to you in your receiver User's Guide and made available at www.dishnetwork.com. BY SIGNING BELOW YOU ACKNOWLEDGE AND AGREE THAT YOU HAVE RECEIVED, READ, UNDERSTAND, AND AGREE TO BE BOUND BY ALL OF THE TERMS AND CONDITIONS OF THIS AGREEMENT, INCLUDING WITHOUT LIMITATION, THE TERMS AND CONDITIONS SET FORTH ON ITS SECOND PAGE, AND THE RESIDENTIAL CUSTOMER AGREEMENT, WHICH IS INCORPORATED HEREIN BY REFERENCE, AND THAT THE FOLLOWING TERMS WERE DISCLOSED TO YOU PRIOR TO LEASE: 1) all equipment provided to you under this Agreement remains the property of DISH Network at all times and you agree that within 15 days of termination, downgrade, or disconnection of service as described below, you will return all such equipment to your original retailer or DISH Network or pay the applicable unreturned equipment charges set forth below; 2) you must purchase America's Top 60 (currently $31.99/mo. including rental of one receiver), DISH Latino (currently $29.99/mo. including rental of one receiver), or Great Wall TV Package (currently $34.99/mo. including rental of one receiver) as your minimum subscription level at all times; 3) the $250 lease upgrade fee (if applicable) for the model 942 receiver, the $49.99 lease upgrade fee (if applicable) for the model 411 or ViP211 receiver, and programming payments, are non-refundable; 4) whether a non-refundable activation fee of $49.99 plus applicable sales tax must be paid prior to installation and whether a $49.99 credit will be applied to your first bill; 5) whether you are eligible for local network channels by satellite, or a website or phone number to contact to determine if you are eligible for local network channels by satellite; and 6) if you elected the eighteen month agreement option below, a prorated cancellation fee of $240 will apply for early downgrade, termination, or disconnection of service as described below. **IN THE EVENT THAT YOU DID NOT RECEIVE THE SECOND PAGE OF THIS AGREEMENT, DO NOT SIGN THIS AGREEMENT. IF YOU CHANGE YOUR RESIDENCE, YOU ARE STILL BOUND TO THE TERMS AND CONDITIONS OF THIS AGREEMENT. WE RESERVE THE RIGHT TO CHANGE PRICES, PACKAGES, AND PROGRAMMING AT ANY TIME, INCLUDING WITHOUT LIMITATION, DURING ANY TERM AGREEMENT PERIOD TO WHICH YOU HAVE AGREED.**

**DISH Home Protection Plan ("DHPP").** DHPP is an optional service program that is currently priced at $5.99 per month. DHPP is not currently available to subscribers who are billed by Southwestern Bell Video Services, Inc., dba SBC Home Entertainment for the DISH Network services provided under this Agreement and may not be made available to such subscribers in the future. DHPP includes: a) a priority technical service support telephone number available 24 hours per day/7 days per week; b) free shipping for repair or replacement of defective receiver equipment (including DVR and HD receivers); c) video cabling and power surge repairs to DISH Network equipment; d) discounted in home service calls currently priced at $29 (regularly $99); and e) one free DISH Mover (if you relocate to an area where DISH Network programming is available, we will provide free standard professional installation of a new DISH 500 antenna (or a SuperDISH or DISH 1000 antenna where required for local channel packages or a 24-inch or larger DISH 300 antenna for residents of Hawaii and eligible locations within the Anchorage, Alaska metropolitan area) and your existing receivers). Please see www.dishnetwork.com or call 1-800-333-DISH for complete details.

**Term Agreement Option and Cancellation Fee.** If you would like to receive a $49.99 credit applied to your first bill and DHPP (if available to you at the time you sign this Agreement) at no additional cost, you must agree to an eighteen month agreement by initialing below. If you elect this option, DHPP (if available to you at the time you sign this Agreement) will be provided to you at no additional cost for the duration of the eighteen month term. By initialing the eighteen month agreement option, you agree to purchase America's Top 60, DISH Latino, or Great Wall TV Package as your minimum subscription level for eighteen (18) months from the date of initial activation ("Initial Term"). If after activation, but before the end of the Initial Term, you elect to terminate this Agreement or downgrade your programming below the required minimum programming level of America's Top 60, DISH Latino, or Great Wall TV Package, or your service is disconnected for any reason, and all programming and other fees and charges for the Initial Term have not been paid in full as of such termination, downgrade, or disconnection, you agree to pay, and we will automatically charge, a **cancellation fee** equal to $13.33 multiplied by the number of months remaining in the Initial Term to your DISH Network account or your Credit Card as defined below, at our option. (If the eighteen month agreement option is not initialed, you will be deemed to have declined a term agreement.)

**Declined Term Agreement Option: X** _____        **Eighteen Month Agreement Option: X** _____

**Customer Name:** OMAR TORRES

**Phone:** (510) 536-0974        **Customer Signature: X** _____

**Street Address:** 3419 INTERNATIONAL BLVD        **Date:** _____

**City:** OAKLAND **State:** CA **Zip:** 94601        **Account#** 8255909565123632

**Dish: Orbital Locations:**        **County:**

**Receiver Models Selected:  301 [_]  311 [_]  322 (Dual Tuner) [_]  510 (DVR) [_]  522 or 625 (Dual Tuner DVR) [_]  811, 411\*, or ViP211 (HD)\* [_]  942 (HD-DVR Dual Tuner)\*\* [_]**
\* = Requires a non-refundable lease upgrade fee of $49.99
\*\* = Requires a non-refundable lease upgrade fee of $250

**COPY**

**TERMS AND CONDITIONS**

**General.** This promotion offers eligible new residential DISH Network subscribers the opportunity to lease certain equipment and purchase certain services, subject to the terms and conditions set forth in this Agreement.

**Eligibility.** Services and equipment must be ordered, installed, and activated between and including October 8, 2005 and January 31, 2006. This offer is limited to new, first-time residential DISH Network subscribers who: (1) reside in the continental United States, Hawaii, or certain sections of the Anchorage, Alaska metropolitan area that have been determined by DISH Network in its sole discretion to be eligible locations under this promotion; (2) provide DISH Network with a valid major credit card number issued to the customer who signs this Agreement; (3) provide DISH Network with the Social Security number issued to the customer who signs this Agreement; and (4) receive credit approval. If you reside in Alaska, you represent and warrant that you have confirmed with your participating retailer that your residence is within an area that has been determined by DISH Network to be an eligible location under this promotion. Only one participant is allowed per household. This offer may not be combined with any other offer. Standard professional installation of up to four receivers (or only up to two receivers for subscribers who purchase International programming other than Great Wall TV Package) to up to four televisions, a DISH 500 antenna (or a SuperDISH antenna where required for local channel packages or International programming, a DISH 1000 antenna where required for local channel packages, or a 24-inch or larger DISH 300 antenna for residents of Hawaii and eligible locations within the Anchorage, Alaska metropolitan area) and mounting hardware is included. In certain installations, additional equipment may be required and additional fees may apply. For installations performed for residents of Hawaii who purchase America's Top 180, DISH Latino, DISH Latino Dos, DISH Latino Max, or any programming package which includes high definition programming, additional equipment will be required and additional fees may apply. For installations performed for residents in the continental United States who purchase International programming broadcast from a wing satellite (61.5 or 148) location, an additional purchase of a second antenna will be required and additional fees may apply. For installations performed for residents of eligible locations within the Anchorage, Alaska metropolitan area, an additional purchase of a 24-inch or larger DISH 300 antenna will be required and additional fees may apply. Maximum of four total tuners per account. Maximum of one model 522 receiver per account. Maximum of one model 625 receiver per account. Maximum of one model 942 receiver per account. Maximum of two model 811, 411, or VIP211 receivers per account. DISH Network shall determine eligibility for participation, including without limitation the number and type of receivers to be provided, in its sole discretion and reserves the right to deny eligibility for any reason.

**Programming.** A minimum programming package of America's Top 60, DISH Latino, or Great Wall TV Package is required at all times. In the event you do not purchase the required minimum programming package, your service will be deactivated. Local channels are included where available.

**Monthly Fees and Payments.** You agree to make a monthly payment by the payment due date for the programming you select and for the following fees as applicable depending on the equipment you select: **Equipment Rental Fee:** A $5.00 equipment rental fee for the first receiver activated is included in the promotional base programming package price. An additional equipment rental fee of $5.00 per month will be charged to your account for each receiver activated beyond the first; **DISH Network DVR Service Fee:** A $4.98 per month DISH Network DVR service fee will be charged to your account for each model 510, 522, 625, or 942 receiver activated. This fee will be waived if you subscribe to America's "Everything" Pak or the Latino "Everything" Pak; **Additional Outlet Programming Access Fee:** A $4.99 per month additional outlet programming access fee will be charged to your account for each dual tuner receiver (models 322, 522, 625, and 942) activated. This fee will be waived on a monthly basis for each such receiver that DISH Network confirms has been continuously connected to your same land-based phone line. DISH Network's confirmation process shall be the sole method utilized to determine if your additional outlet programming access fee(s) will be waived. The $250 lease upgrade fee for the model 942 receiver is not a deposit and is non-refundable. The $49.99 lease upgrade fee for the model 411 or VIP211 receiver is not a deposit and is non-refundable. The $49.99 activation fee (if applicable) is non-refundable but will be credited on your first account billing statement in the event you agree to the eighteen month agreement option by initialing above. State and local taxes, or gross earnings tax reimbursement charges (not a tax or governmental fee on consumers; recovers tax on satellite TV gross earning imposed in some states) may apply. Other fees may apply as set forth in the Residential Customer Agreement. Different or other payment options may be applicable where billing is provided through a billing agent.

**Unreturned Equipment Charges.** This promotion allows you to use the satellite receiver(s), smart card(s) and remote control(s), low noise block converters with integrated feeds ("LNBFs"), and switches (if any) you select under this promotion while you remain an active customer in good standing and in compliance with this Agreement and the Residential Customer Agreement. All such equipment is owned by DISH Network at all times and must be returned if you elect to terminate this Agreement or downgrade your programming below required minimum programming package of America's Top 60, DISH Latino, or Great Wall TV Package, or your service is otherwise disconnected for any reason at any time. WITHIN 15 DAYS OF SUCH TERMINATION, DOWNGRADE, OR DISCONNECTION, YOU AGREE TO RETURN ALL SUCH EQUIPMENT IN GOOD OPERATING CONDITION, NORMAL WEAR AND TEAR EXCEPTED, TO: (1) your original retailer (or DISH Network if no retailer was used) if such termination, downgrade, or disconnection occurs during the first 180 days after activation of programming, or (2) DISH Network if such termination, downgrade, or disconnection occurs after the first 180 days from the date of activation of programming. If such termination, downgrade, or disconnection occurs after the first 180 days, you agree to immediately call DISH Network at 1-888-220-3474 to receive a return authorization number and delivery instructions for the return of such equipment to DISH Network. You are responsible for and shall bear all costs and expenses to return such equipment. IF YOU FAIL TO RETURN SUCH EQUIPMENT AS SET FORTH HEREIN, YOU AGREE TO PAY, AND WE WILL AUTOMATICALLY CHARGE TO YOUR DISH NETWORK ACCOUNT OR YOUR CREDIT CARD (AS DEFINED BELOW), AT OUR OPTION, AN UNRETURNED EQUIPMENT CHARGE FOR EACH ITEM NOT RETURNED AS FOLLOWS (in each case and collectively, the "Unreturned Equipment Charge"): model 942 receiver, $450; model 625 or 522 receiver, $300; model 322, 510, 411, VIP211, and 811 receivers, $200; model 111, 301, and 311 receivers, $100; outdoor LNBF and quad switch, $100.

**Collection of Fees/Credit Card Authorization.** You hereby authorize DISH Network to charge, and/or place a hold with respect to, any and all cancellation fee(s) and unreturned equipment fee(s) owing under this Agreement (collectively, the "Authorized Amounts"), to your credit card or debit/check card that you initially provided to DISH Network and/or to any other credit card or debit/check card of yours that you provide to make payments to DISH Network (the "Credit Card"), authorize the issuer of the Credit Card to pay the Authorized Amounts without DISH Network submitting a signed receipt, and agree that this Agreement is to be accepted as such authorization. You authorize DISH Network to continue to attempt to charge, and/or place holds with respect to, the Authorized Amounts, or any portion thereof, to the

Credit Card until such amounts are paid in full. You acknowledge and agree that DISH Network shall have no liability whatsoever for any non-sufficient funds, rejected debit, or other charges incurred by you as a result of such attempts to charge, and/or place holds on, the Credit Card.  Payment of a cancellation fee shall not relieve you of your obligation to pay all unpaid charges on your account.  In the event that you are enrolled or later enroll in DISH Network's AutoPay ("AutoPay") or Electronic Funds Transfer ("EFT") payment programs, you agree that the Authorized Amounts and any and all monthly programming, pay-per-view, and other similar and related charges and other amounts owing under this Agreement or the Residential Customer Agreement may be charged to the credit card, debit/check card, or account provided by you to DISH Network pursuant to such AutoPay or EFT program.

**Billing Agents.**  We may enter into relationships with third parties to provide billing and other services on our behalf in which case the terms and condition of this Agreement shall apply to such third parties as applicable under the circumstances.

**Contact Information.** You may reach DISH Network by e-mail at feedback@customermail.dishnetwork.com, or write us at DISH Network, P.O. Box 9033, Littleton, CO 80160. Please do not send payments to this address.

Print Agreement                Promotions Center

©2004,  EchoStar Satellite L.L.C.  All rights reserved.



**T W O R K**   A DIVISION OF ECHOSTAR SATELLITE L.L.C
8255 9000 EQ RP 15 0283510 03162006 YNNYNY

OMAR TORRES
**Account Number:**   8255 90 956 5123632
March 15, 2006

## Service Date(s)   Detailed Charges

| | | |
|---|---|---|
| | Previous Balance | $13.37 |
| Feb 17 | Payment - Thank You | - 13.37 |
| | | $0.00 |

**From    To    Current Charges**

| | | |
|---|---|---|
| Mar 30 - Apr 29 | Additional Receiver | 5.00 |
| | Digital Home Advantage - DISH Latino Dos, Local | 39.99 |
| | DISH Home Protection | 5.99 |
| | DISH Three Movie Package | 30.99 |
| Mar 15 | State/Local Tax (Sales/Gross Receipts) | 0.88 |
| | | $82.85 |

**Pay-Per-View**

| | | |
|---|---|---|
| Feb 25 | PPV AUTOMATED ORDER FEE | 1.00 |
| | BOXING VARGAS VS MOSLEY | 44.95 |
| | | $45.95 |

**Adjustments**

| | | |
|---|---|---|
| Mar 07 | Dhpp Credit 3RD Month - Adjustment | - 5.99 |
| | Program Credit 3 of 3 - Adjustment | - 12.00 |
| | Hboshomax 3mos 3 of 3 - Adjustment | - 30.99 |
| | | $-48.98 |

**Total Due by Apr 4, 2006**   **$79.82**

**Correspondence**
Be sure to provide your name, telephone number and DISH Network account number whenever you contact us. See the front of this statement for contact information regarding billing matters. For other concerns you can also email us at FeedBack@customermail.dishnetwork.com.

Do not write comments on the return portion of your statement, or send correspondence to the payment address. Our electronic payment processing system cannot read comments. If you need to send comments by mail, write to DISH Network, PO Box 9033, Littleton, CO 80160.

**Payment Information**
All monthly services are billed in advance. Please send payment 7-10 days before due date to allow time for payment processing. Payment should be mailed to DISH NETWORK, Dept 0063, Palatine, IL 60055-0063.
To pay by:
MoneyGram ExpressPay call 1-800-926-9400 (receive code: 1899)
PreCash call 1-877-271-4073
America's Cash Express (ACE) 1-800-991-9164
Western Union Quick Collect call 1-800-325-6000
(code city: DISH Network; code state: CO)
Check payments: DISH Network processes personal checks electronically. Your bank statement is your proof of payment. If you wish to receive your cancelled check, if offered by your financial institution, please check the appropriate boxes on the remittance slip.
Please write your DISH Network account number on any checks or money orders.

**Fees**
Returned Payment Fee ........................... $10.00
Late Payment Fee ............................... $5.00
Reconnect Fee ................................. $25.00
Additional Outlet Programming Access Fee ....... $5.00
Additional Outlet Programming Access Fee (HD) .... $6.00
HD Enabling Fee ............................... $6.00
DISH Network DVR Service Fee ................... $5.98
Change of Programming Service Fee
   Regular Programming ..................... $5.00
   Adult Programming ...................... $10.00
   There is no fee to add programming.
Service Access Fee ............................. $6.00
Credit/Debit Card Payment Agent Handling Fee ...... $5.00
Check by Phone Fee ............................. $9.99

**Equipment Rental Charges**
Digital Home Advantage (DHA) customers pay a monthly equipment rental fee based on the number and type of receivers on the account. The equipment rental fee for the first receiver is included in the package price. An additional equipment rental fee of $5.00 ($6.00 in the case of model ViP211 or ViP622 DVR) per month will be charged to your account for each receiver beyond the first and will be displayed as a separate line item on your bill. Applicable tax charges are added.

**Connection**
To optimize the operation of your equipment, you must connect each DISH Network receiver on your account to a telephone line.

**Terms and Conditions**
Your Residential Customer Agreement is included in your User's Manual and is also available at www.dishnetwork.com. Please consult this and any promotional agreement for the terms and conditions applicable to programming and other services. By activating your DISH Network account and receiving services, you accept such terms and conditions.
ab260028

```
┌─────────────────────────────────┐
│ TRANSMISSION VERIFICATION REPORT │
└─────────────────────────────────┘
```

```
TIME  : 05/17/2006 11:13
NAME  : FRUITVALE SHIPPING
FAX   : 5105364342
TEL   : 5105361300
SER.# : BROB2N218088
```

| | |
|---|---|
| DATE,TIME | 05/17  11:12 |
| FAX NO./NAME | 12132299295 |
| DURATION | 00:00:53 |
| PAGE(S) | 04 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

```
              RINCON MUSICAL
          4711 INTERNATIONAL BLVD
             OAKLAND CA 94601
               (510) 532-6801

Terminal ID: CA0951    Teller: GENERAL
April 05, 2006 05:07 PM
Receipt Number - NCD95020001

                - STUB(S) -
TR#: CA095100513001-1
TRANS# 001.1    SEQ# 1    TS# 00513
Dish Network
ACT#: 8255909565123632
AMOUNT PAID :           $79.82


                - FEES -
FEES PAID :             $1.00


              - PAYMENT(S) -
CASH                    $80.82
----------------------------------------
TOTAL PAID:             $80.82

TOTAL TENDERED:         $80.82
CHANGE DUE:             $0.00


ALL TRANSACTIONS PROCESSED IN
3 BUSINESS DAYS

Please verify all account information
is correct before leaving the payment
location.

Thank you for using CheckFreePay.
```



**golden gate SATELLITE TV**
7900 Capwell Dr. Oakland, CA 94621
Tel: (510) 635-6565
www.ggSatelliteTV.com

# Invoice

**Invoice No.:** 5291
**Invoice Date:** 1/27/2006
Friday

Omar Torres
3419 International Blvd
Oakland, CA 94601
510-536-0974

Declined DVR

# COPY

| Sales | Dish Provider | Promotion | Programming | Installer | Install Date |
|-------|---------------|-----------|-------------|-----------|--------------|
| Evelyn | Dish New | -12$RETDHA18 | Dish Latino Uno | *Edgar Aziz* | 1/30/2006 |

| Code | Product Description | Unit | Price | Tax | Amount |
|------|---------------------|------|-------|-----|--------|
| AFRT | Activation Fee (refunded on the first bill) | 1 | $49.99 | ☑ | $49.99 |
| DN311 | Dish Network 311 Receiver | 1 | $0.00 | ☑ | $0.00 |
| DN311 | Dish Network 311 Receiver | 1 | $0.00 | ☑ | $0.00 |

| | |
|---|---|
| Sales Tax | $4.37 |
| **Total** | **$54.36** |
| **Balance** | **$54.36** |



1800 733 3474
comTv 3969832-1

5291PI

**Signature** _____   **Date** _____

Poliza de 3 Dias: Cubre equipe solamente. La instalacion u otro trabajo no es refundable. (En caso de cancelacion) El cliente tendra que pagar la instalacion o algunos otros cargos. Esto aplica todas las promociones donde la instalacion fue gratis. El precio de la instalacion basica es de $149 (sistema de un reccividor) o $199 (sistema de dos reccividores). Porfavor vea al canal 101 para informacion de pagos.

$25 por cualquier cheque no aceptado por el banco.

Una Instalacion Basica Consiste En: Instalar la antena a una altura adecuada, correr el cable por afuera de la casa, Se hara una penetracion en la pared con direccion a la TV mas cercana. El instalador le dara un presupuesto por cualquier trabajo adicional. Solo despues de su aprobacion instalara. Todo el equipo tiene 1 ano de garantia con el fabricante. El servicio de instalacion sera cubierta por gg Satellite TV hasta 90 dias despues de la instalacion.

1  Valentin A. Torres
2  1399 Leonard Drive
   San Leandro, CA 94577
3  Telephone: (510) 532-7105

4  Pro Se

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  J & J Sports Productions, Inc.,                    **Case No. 3:08-cv-00988-JSW**

12              Plaintiff,                              **DECLARATION OF VALENTIN A.**
                                                        **TORRES IN SUPPORT OF MOTION**
13         vs.                                          **TO DISMISS PLAINTIFF'S**
14                                                      **COMPLAINT**

15  Valentin A. Torres and Omar Torres,
    individually and d/b/a Star Laundry             **FOR:    Honorable Jeffrey S. White**
16
    a/k/a La Torta Loca #1,                         **DATE: Friday, September 12, 2008**
17
                Defendants.                          **TIME;  9:00 AM**
18

19      I, Valentine A. Torres, declare as follows:

20      1. The following facts are all within my personal knowledge and if called as a witness I

21  could and would competently testify thereto.

22      2. I am one of the defendants in the above-entitled action and sole owner-operator of La

23  Torta Loca No. 1, a take-out food stand located at 3419 International Blvd., Oakland, California

24  94601.

25      3. I was the owner and operator of Star Laundromat from October 1, 2004 to December

26  31, 2004. To substantiate this period of ownership, a true and correct copy of the City of Oakland

27  Account Details Report is attached to the Motion to Dismiss as Exhibit "A."

28      4. In January 2005, my son, Omar Torres, took over as owner of Star Laundromat.

                                            1

A true and correct copy of Omar's tax return statement from the California Board of Equalization is attached to the Motion to Dismiss as Exhibit "B."

5. On February 26, 2006, I was unaware that a televised championship fight program was being shown at 3419 International Blvd., Oakland, California. I was not present during the viewing and had no prior knowledge that the fight program was scheduled to be shown.

6. As stated in my motion to dismiss the complaint, I became aware of the accusations against me for the first time on May 12, 2008, when my daughter, Diana Torres, informed me that a Summons and Complaint had been left at my home in San Leandro.

7. Since I can't read, write or speak good English, my daughter has been helping me understand what the documents were about. I am still puzzled as to why I was included in the lawsuit.

8. On May 29, 2008, my daughter and I went to the initial case management conference in San Francisco. At that time the Court clerk informed us that the case management had been rescheduled to June 13, 2003. The clerk also gave us a handbook for litigants without lawyers.

9. On June 6, 2008, I filed a motion to dismiss the complaint. However, we have since been advised by the court that the motion we filed was improper and a new motion would have to be filed in accordance with local rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 25th day of July, 2008 at San Leandro, California.

Valentin A. Torres