1   Thomas P. Riley, SBN 194706
    LAW OFFICES OF THOMAS P. RILEY, P.C.
2   First Library Square
    1114 Fremont Avenue
3   South Pasadena, CA 91030

4   Tel:  626-799-9797
    Fax: 626-799-9795
5   TPRLAW@att.net

6   Attorneys for Plaintiff
    J & J Sports Productions, Inc.
7
                            UNITED STATES DISTRICT COURT
8                          NORTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10   J & J Sports Productions, Inc., | Case No. CV 08-0988 JSW |
| 11                       Plaintiff, | NOTICE OF PLAINTIFF'S OPPOSITION; |
| 12 | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |
| 13 | COMPLAINT (F.R.C.P. 21, F.R.C.P. 12(b)(6) AND MEMORANDUM OF POINTS AND |
| 14                       vs. | AUTHORITIES IN SUPPORT THEREOF |
| 15 | |
| 16   Valentin A. Torres, et al., | For:   Honorable Jeffrey S. White |
|  | Date: Friday, October 3, 2008 |
| 17                       Defendants. | Time: 9:00 a.m. |
| 18 | |

19   **TO THE HONORABLE JEFFREY S. WHITE, THE DEFENDANTS, AND THEIR**

20   **COUNSEL OF RECORD:**

21
22   PLEASE TAKE NOTICE that on Friday, October 3, 2008, at 9:00 a.m. or as soon

23   thereafter as this matter may be heard before the Honorable Jeffrey S. White at the United States

     District Court, for the Northern District of California, located at 450 Golden Gate Avenue, San
24
     Francisco, CA 94102, Plaintiff, J & J Sports Productions, Inc., by and through its counsel, will
25
     oppose Defendant's Motion to Dismiss Complaint (hereinafter "Defendants' Motion").
26   ///

27   ///

28

This Opposition will be based on this Notice of Plaintiff's Opposition, Plaintiff's Memorandum of Points and Authorities in support of Opposition to Defendant's, and its exhibits, declarations, and any such further oral and documentary evidence or argument as may be presented at the hearing on the Defendant's Motion.

Dated: August 14, 2008                    /s/ Thomas P. Riley
                                          **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                                          By: Thomas P. Riley
                                          Attorneys for Plaintiff
                                          J & J Sports Productions, Inc.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## MEMORANDUM OF POINTS AND AUTHORITIES

### Statement of Facts

Plaintiff, J & J Sports Productions, Inc., (hereinafter "Plaintiff") is an international distributor of sports and entertainment programming. Plaintiff procured and retains the exclusive commercial exhibition (closed-circuit) rights to the *Fernardo Vargas v. Shane Mosley Championship Fight Program* of February 25, 2006 (hereinafter referred to as the "*Program*"). Plaintiff thereafter entered into sublicensing agreements with various commercial entities throughout North America, by which it granted limited public exhibition rights to these entities for the benefit and entertainment of the patrons within their respective establishments (i.e., hotels, racetracks, casinos, taverns, bars, restaurants, social clubs, etc.).

In an effort to protect itself and its clientele from the pervasive piracy of its proprietary programming, the Plaintiff undertakes a nationwide program to police commercial establishments in order to detect and prosecute those establishments which exhibit its programming unlawfully. On February 25, 2006, a licensed private investigator by the name of Gary Gravelyn witnessed the contemporaneous exhibition of the Plaintiff's *Program* at the commercial establishment co-operated by the moving party Defendant, Valentin A. Torres and his son, Omar Torres.

Plaintiff tried to reach a pre-suit resolution of its claims against Defendant Valentin A. Torres and Omar Torres (the operators of Star Laundry/La Torta Loca) but was unsuccessful because Omar Torres failed to perform pursuant to a settlement reached on May 17, 2006.

On February 19, 2008, Plaintiff filed its complaint against Defendants Valentin A. Torres and Omar Torres, individually and d/b/a Star Laundry a/k/a La Torta Loca #1. On May 12, 2008, Valentin A. Torres and Omar Torres were served the suit papers filed by Plaintiff. On July 29, 2008, Defendant Valentin A. Torres filed the instant motion styled Defendant's Motion to Dismiss Complaint.

Plaintiff now comes before this Honorable Court and files its Opposition thereto.

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## QUESTION PRESENTED

Should the Court dismiss the Complaint filed in this action and served upon the Defendant, Valentin A. Torres?

## SHORT ANSWER

No. Valentin A. Torres is a proper party defendant and the complaint, as written, is legally sufficient to advise Defendant Valentin A. Torres as to the factual and legal claims in support of the causes of action set forth against him.

## DISCUSSION

In short, Defendant Valentin Torres makes two primary claims in support of his motion. First, that he is improperly named as a defendant party and two, that Plaintiff's complaint fails to state sufficient facts to support the legal claims pled against him.

Defendant Valentin Torres is mistaken with regard to both assertions and his motion should be dismissed with prejudice.

First of all, Mr. Valentin Torres' claims that "La Torta Loca is a totally separate business that is not affiliated in any way with Star Laundry." Defendant Torres further claims that he "does not own, operate, exercise dominion, control or management of Star Laundry." These claims are patently false.

It is Plaintiff's position, clearly supported by the sworn statement of a licensed private investigator, the photographs taken by this licensed private investigator, documentary evidenced from the United States Postal Service, the public records of pertinent licensing authorities, as well as other sources, that "La Torta Loca" and "Star Laundry a/k/a Star Laundromat", are essentially one business operated by both Mr. Valentin A. Torres and his son, Omar Torres, side by side, in a singular building located at 3419 International Boulevard in Oakland.

As set forth in the sworn affidavit if investigator Gary Gravelyn, he entered "Star Laundry" at 8:15 p.m. on Saturday, February 25, 2006, whereupon he observed two separate television sets, one was located in the laundromat in a "corner by concession booth" and the other was located in the kitchen of the taqueria.

As further stated in the sworn affidavit of investigator Gravelyn, the establishment at 3419 East 14th Avenue (International Boulevard) was described as "a laundry mat with Taqueria-concession stand along back wall-employees enter laundry to get to Taqueria. Taqueria was called La Torta Loca. Table seating in laundry."

Mr. Gravelyn's written description of the establishment is corroborated by the exterior photographs taken by him which clearly show that the only means of egress for the employees of La Torta Loca was by and through the front entrance door for "Star Laundry". Mr. Gravelyn further observed that there was table seating in the laundromat and most importantly, that there were televisions exhibiting Plaintiff's *Program* in both establishments, the laundromat and the taqueria, on February 25, 2006.

Any notion that these establishments were truly "separate" is further contradicted by the fact that the father, Mr. Valentin Torres was the primary operator of the laundromat before allegedly formerly transferring ownership to his son. While some type of transfer may very well have occurred, the United States Postal Service records make very clear that demand letters sent certified mail addressed to Mr. Valentin Torres at <u>Star Laundry</u>, were nevertheless signed by him personally. Obviously Mr. Valentin Torres maintained management, oversight, dominion, and control if he was in a position to formally accept such correspondence. Similarly, although not vital to the motion, the Plaintiff believes it important to point out the fact that Mr. Valentin Torres received formal notice of Plaintiff's claims prior to suit, contrary to his suggestions otherwise. In fact, Mr. Torres himself, contacted Plaintiff's counsel's law office to discuss the matter on two occasions.

Specifically, Mr. Valentin A. Torres, contacted Plaintiff's counsel on May 16, 2006, after receiving Plaintiff's May 3, 2006 letter. An appointment was set with Mr. Valentin Torres for the following day at 9:00 a.m.

The following day, an appointment was conducted between Plaintiff's counsel and Mr. Torres, wherein he expressly admitted that Plaintiff's February 25, 2006 *Program* was exhibited at his place of business. Mr. Torres' son and co-defendant, Omar Torres, participated in the telephonic conference with Plaintiff's counsel on May 17, 2006. Following the telephonic conference between the Torres' and Plaintiff's counsel, Plaintiff received a copy of his May 3, 2006 letter to Valentin Torres, accompanied by a two-page Dish Network bill.

The Dish Network bill was in the name of Omar Torres referencing 3419 International Boulevard address, along with the residential license purchase of Plaintiff's *Program* for Forty Four Dollars and Ninety Five Cents ($44.95). The fax transmittal also included a copy of the receipt for Rincon Musical dated April 5, 2006 evidencing their payment of the payment to Dish Network of the Dish Network bill dated March 25, 2006.

That same day, Plaintiff's counsel called Valentin Torres back and later that day, a settlement was reached with Mr. Omar Torres and settlement documents were overnighted to him at his home address on Leonard Drive in San Leandro (which he shared with his father, Valentin).

Pursuant to the terms of the settlement, performance under the agreement was to commence on or before June 1, 2006. When performance did not occur by that date, co-defendant, Omar Torres, was notified the following day, June 2nd via overnight mail of Plaintiff's intention to proceed to litigation.

On June 12, 2006, after not having received performance from Omar Torres, Plaintiff's counsel commenced communication again with Valentin Torres by sending additional demand letters first class and certified mail to his business (Star Laundry) and home addresses.

As noted previously, Plaintiff's counsel's June 12, 2006 letter addressed to him at Star Laundry was duly received by him and evidenced by the fully executed United States Postal Service green card referenced on Plaintiff's exhibit. Certified mail addressed to Mr. Valentin Torres at his home address was not served because he failed to claim it, despite the notices left by the postal service on June 16th and June 21st of 2006.

On June 26, 2006, Mr. Valentin Torres called Plaintiff's counsel's law office and another appointment was set. In this case, for 11:00 a.m. on June 28, 2006. At the time he made the appointment, he informed Plaintiff's counsel's support staff that he had faxed over a copy of the

receipt which Plaintiff's counsel assumes is the Dish Network receipt received on May 17, 2006.

On June 28, 2006, Plaintiff's counsel spoke to Mr. Valentin Torres again and in the conversation on or about 11:00 a.m., Mr. Valentin Torres denied that a settlement was ever reached and informed Plaintiff's counsel that it was now his intention to speak with an attorney.

On July 11, 2006, after not hearing from an attorney on behalf of Mr. Valentin Torres, nor Omar Torres, Plaintiff's counsel sent a final letter to Mr. Valentin Torres to his attention at Star Laundry on International Boulevard, as well as his home address on Leonard Drive in San Leandro. Neither one of these letters were returned by the Postal Service to Plaintiff's counsel's office.

To summarize, Plaintiff's event was shown unlawfully in a building in Oakland, operated by both a father and son as a laundromat serving food to customers from the adjoining taqueria, a free-standing taqueria, and a taqueria where you could order food, sit down, and do your laundry.

Patrons of the laundromat eat the taqueria's food from a concession stand within the laundromat and those entering the laundromat, including licensed private investigator Gary Gravelyn, were able to watch television programming on television sets in both the taqueria, as well as the laundromat itself, including the Plaintiff's *Program*.

Despite the movant's assertions, he knew fully of this matter, having signed for certified mail addressed to him at the laundromat address. He contacted Plaintiff's counsel twice in response to such correspondence and twice set appointments to speak to Plaintiff's counsel concerning the claims presented to him and served upon him at the <u>laundromat</u> address.

Under any analysis, the relationship between the father, son, laundromat and taqueria would suggest a common-business enterprise, partnership, or joint venture between the two businesses and as a result thereof, the owners/operators of each establishment would clearly be appropriate defendant parties in a commercial signal piracy case.

Finally, the movant's claim that the complaint served upon him is factually insufficient and subject to dismissal pursuant to FRCP Rule 12(b) (6) is simply wrong. Under the law, the complaint must be construed in the light most favorable to the plaintiff. *[Parks School of Business, Inc. v. Symington* (9th Cir. 1995) 51 F3d 1480, 1484]. "The sole issue raised by a Rule 12(b) (6) motion is whether the facts pleaded would, if established, support a valid claim for relief. Thus, no

matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion. [*Neitzke v. Williams* (1989) 490 US 319, 328-329, 109 S. Ct. 1827, 1833; *Bernheim v. Litt* (2nd Cir. 1996) 79 F3d 318, 321.

As such, Defendant Valentin Torres' motion should be denied with prejudice and plaintiff would respectfully request the opportunity to submit a fee bill to compensate the Plaintiff for its attorneys' fees and costs, concerning the preparation, service, filing and any subsequent appearance fore hearing or argument that may be required in opposition to this baseless motion.

## Conclusion

**WHEREFORE**, Plaintiff, respectfully requests the Defendants' Motion be **DENIED** with prejudice.

Respectfully submitted,

Dated: August 14, 2008

/s/ *Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
Attorneys for Plaintiff
J & J Sports Productions, Inc.

///

///

# AFFIDAVIT

State of: _CALIFORNIA_

County of: _Alameda_

I, undersigned, being duly sworn according to law deposes and says, that on

_February 25, 2006_, I entered the establishment known as _____

_Star Laundry_ _____ located at _3419_ _____

_East 14th Ave Oakland, CA_ _94601_ at approximately _8:15_

a.m./~~p.m.~~ I paid $ _____ to enter this establishment. I ordered _____ from

a bartender/waitress whose name is _____ and who is described as

_____. I observed _2_

television sets. They are described as _(1) 35" & The other 12"_ and

they were located _35" TV located in corner by_

_concession Booth. other located in kitchen_ On the television

set(s), I observed the boxing match between _Shane mosley_ and

_Fernando VArgas_ - _VArgas_ was wearing _Gold_

trunks and _Mosley_ was wearing _Blue white strip_

trunks. I also observed the following: _IT WAS The 2nd Round._

_Both Fighters were sparring._

A cable box was (was not) visible. The channel _____ appeared on the box. This

establishment has / (does not have) a satellite dish. There were / were not Apartments

above or adjacent to the establishment. The establishment is described as _A LAundry mAT_

_with TAqueriA - Concession stand Along bACk wAll._

_employee's enter LAundry To get To TAqueriA. TAqueriA_

_wAs cAlled LA TorTA LocA. TAble seating in LAundry._

This establishment rates ~~FAir~~ (Good, (Fair), Poor). The Capacity of this

establishment is approximately _35_ people. At the time of my appearance, I

counted approximately _15_ people on the first head count and _15_ on

the second count.

Prior to my departure, there were approximately _____15_____ people in the establishment. This establishment is located in a (commercial)/residential neighborhood. There (was)/ was not a parking lot connected or adjacent to this establishment. I observed the following license plates either in the parking lot, in front of, or in the immediate vicinity, of this establishment:

7N 98224                    4CXW414
4ZVC788                    3UDY932
22IB371

I departed this establishment at __8:18__ a.m. /(p.m.)

Dated: __2-25-06__

Signed: _____

Printed Name: ___GAry GrAvelyn___

Agency: ___Gravelyn & Associates___

Address: ___16 Rio vista___

City/Sate: ___Orinda, CA 94563___

Phone #: ___925-253-0469___

P.I.#: ___18604___

## NOTARY

On __March 6, 2006__, before me, ___Samuel C. Vaughn___

Notary Public, personally appeared ___Gary Gravelyn___ ( ) personally

To me – or – (x) proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the written instrument and acknowledged to me that he/she~~ ~~ executed the same in his/her authorized capacity and that by his/~~her~~ signature on the instrument the person or entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_Samuel C. Vaughn_
Signature of Notary







## Jackie Cortez

| | |
|---|---|
| **From:** | "Jackie Cortez" <thomaspriley@att.net> |
| **To:** | <TPRLA@ATT.NET> |
| **Sent:** | Thursday, August 14, 2008 10:03 AM |
| **Attach:** | 4139095.jpg |
| **Subject:** | Emailing: 4139095 |



# LAW OFFICES OF THOMAS P. RILEY

### A PROFESSIONAL CORPORATION

---

ONE CALIFORNIA PLAZA
300 SOUTH GRAND AVENUE, SUITE 2670
LOS ANGELES, CA 90071-3161

TPRLA@att.net

TEL: (213) 229-9292                          FAX: (213) 229-9295

May 3, 2006

Mr. Valentin A. Torres
Star Laundry
3419 International Blvd.
Oakland, CA 94601

Re: *J&J Sports Productions, Inc. v. Valentin A. Torres, et al.*

Mr. Torres:                                 *Transmitted By First Class and Certified Mail*

By copy of this letter, please be advised that this law firm is retained counsel for J & J Sports Productions, Inc., in connection with its commercial distribution of the *Fernando Vargas v. Shane Mosley Championship Fight Program,* telecast domestically on Saturday, February 25, 2006.

We are informed and believe that this *Program* was exhibited at your commercial establishment in violation of the exclusive closed-circuit broadcast rights owned by my client. Any unauthorized broadcast of said *Program* was in direct violation of the law, including but not limited to Title 47 U.S.C. Section 605 (as amended Title 47 U.S.C. 705) and or Title 47 U.S.C. Section 553, *et seq.*

The purpose of this correspondence is to give you an opportunity to reach a settlement with my client prior to the commencement of a litigation in United States District Court. A timely settlement of this matter will enable you to avoid:

1. Personal exposure to statutory and compensatory damages in excess of One Hundred Thousand Dollars ($100,000.00), and
2. Financial responsibility on your part for all recoverable legal costs, including our firm's attorneys' fees, and
3. The inconvenience and expense that will attend your defense of a costly federal lawsuit.

Our firm will forgo the commencement of suit, and the undertaking of any other such legal measures, for a period of ten (10) calendar days from the date of this correspondence. At this time I urge you, your attorney, or your authorized representative to contact the undersigned immediately.

Cordially,

Thomas P. Riley

TPR /mr

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Valentin A. Torres
Star Laundry
5419 International Blvd,
Oakland, CA 94601

022506

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Valentin Torres_    ☐ Agent
                        ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

X                                 45-6-08

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7005 1820 0000 9197 4676

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

(Sideways mailing panel, right side:)

Sent To Mr. Valentin A Torres
Street, Apt. No.; or PO Box No. 5419 International Blvd
City, State, ZIP+4 Oakland, CA 94601

Form 3800, June 2002

Postage    $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees    $

Postmark
Here

OFFICIAL USE

For delivery information visit our website at www.usps.com
Certified Mail Provides:
(Domestic Mail Only; No Insurance Coverage Provided)

---

(Lower envelope, upside down:)

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Law Offices of Thomas P. Riley, P.C.
One California Plaza
300 South Grand Avenue, Suite 2670
Los Angeles, CA 90071-3161

# LAW OFFICES OF THOMAS P. RILEY

### A PROFESSIONAL CORPORATION

ONE CALIFORNIA PLAZA
300 SOUTH GRAND AVENUE, SUITE 2670.
LOS ANGELES, CA  90071-3161

TPRLA@att.net

TEL: (213) 229-9292

FAX: (213) 229-9295

May 3, 2006

Mr. Valentin A. Torres
Star Laundry
3419 International Blvd.
Oakland, CA 94601

Re: _J&J Sports Productions, Inc. v. Valentin A. Torres, et al._

Mr. Torres:                                         _Transmitted By First Class and Certified Mail_

By copy of this letter, please be advised that this law firm is retained counsel for J & J Sports Productions, Inc., in connection with its commercial distribution of the _Fernando Vargas v. Shane Mosley Championship Fight Program_, telecast domestically on Saturday, February 25, 2006.

We are informed and believe that this _Program_ was exhibited at your commercial establishment in violation of the exclusive closed-circuit broadcast rights owned by my client. Any unauthorized broadcast of said _Program_ was in direct violation of the law, including but not limited to Title 47 U.S.C. Section 605 (as amended Title 47 U.S.C. 705) and or Title 47 U.S.C. Section 553, _et seq._

The purpose of this correspondence is to give you an opportunity to reach a settlement with my client prior to the commencement of a litigation in United States District Court. A timely settlement of this matter will enable you to avoid:

1. Personal exposure to statutory and compensatory damages in excess of One Hundred Thousand Dollars ($100,000.00), and
2. Financial responsibility on your part for all recoverable legal costs, including our firm's attorneys' fees, and
3. The inconvenience and expense that will attend your defense of a costly federal lawsuit.

Our firm will forgo the commencement of suit, and the undertaking of any other such legal measures, for a period of ten (10) calendar days from the date of this correspondence. At this time I urge you, your attorney, or your authorized representative to contact the undersigned immediately.

Cordially,

Thomas P. Riley

TPR./mr

# dish NETWORK **Your DISH Network Statement**

March  6, 2006                    Page 1 of 2

P.O. BOX 7203 PASADENA CA
91105-7203        2255 9000 EO RP 15 03162006 YNNYNY
#RWNKKDH
#1744090434876363#
OMAR TORRES
3419 INTERNATIONAL BLVD
OAKLAND CA  94601-3035

*0283513

Account Number          **OMAR TORRES**
For Service at           8255 90 956 5123632

                         3419 INTERNATIONAL BLVD
                         OAKLAND CA 94601-3035

**Contact Us**
Online  dishnetwork.com
Email:  feedback@customermail.dishnetwork.com
Phone: 1-800-333-DISH (3474)

IlladahdlallhandlhllllandladamdblaHad

## Here's the DISH...



We hope you have enjoyed 3 months of receiving
FREE HBO, Showtime and Cinemax as well as
your basic programming package at a special
rate. This is the final month of your promotion.
Your next bill will reflect the current charges for
your chosen programming package.



Please note, DISH Network changed its pricing
effective February 2006. New pricing is reflected
in this month's statement

## Charges from 03/30/06 - **04/29/06**

### Account Summary *See details on the back*

| | |
|---|---|
| Previous Balance | $ 13.37 |
| Payment - Thank you | -13.37 |
| Current Charges | 82.85 |
| Pay-Per-View | 45.95 |
| Adjustments | -48.98 |
| **Total Due by Apr 4, 2006** | **$ 79.82** |

▼ If paying by mail, detach here and send the bottom return portion v

dish NETWORK

A DIVISION OF ECHOSTAR SATELLITE L.L.C.
9255 9000 ED MP 15. 0289510 05162006 YNNYNY

OMAR TORRES
Account Number: 8255 90 956 5123632

March 15, 2006

| Service Date(s) | Detailed Charges | |
|---|---|---|
| | Previous Balance | $13.37 |
| Feb 17 | Payment - Thank You | -13.37 |
| | | $0.00 |

| From | To | Current Charges | |
|---|---|---|---|
| Mar 30 | Apr 29 | Additional Receiver | 5.00 |
| | | Digital Home Advantage - DISH Latino Dos, Local | 39.99 |
| | | DISH Home Protection | 5.99 |
| | | DISH Three Movie Package | 30.99 |
| Mar 15 | | State/Local Tax (Sales/Gross Receipts) | 0.38 |
| | | | $82.35 |

| | Pay-Per-View | |
|---|---|---|
| Feb 25 | PPV AUTOMATED ORDER FEE | 1.00 |
| | BOXING VARGAS VS MOSLEY | 44.95 |
| | | $45.95 |

| | Adjustments | |
|---|---|---|
| Mar 07 | Once Credit 3RD Month - Adjustment | -5.99 |
| | Program Credit 3 of 3 - Adjustment | -12.00 |
| | Hboshomax 3mos 3 of 3 - Adjustment | -30.99 |
| | | $-48.98 |

**Total Due by Apr 4, 2006**                    **$79.82**



### Correspondence
Be sure to provide your name, telephone number and DISH Network account number whenever you contact us. See the front of this statement for contact information regarding billing matters. For other concerns you can also email us at FeedBack @customermail.dishnetwork.com.

Do not write comments on the return portion of your statement, or send correspondence to the payment address. Our electronic payment processing system cannot read comments. If you need to send comments by mail, write to DISH Network, PO Box 9033, Littleton, CO 80160.

### Payment Information
All monthly services are billed in advance. Please send payment 7-10 days before due date to allow time for payment processing. Payment should be mailed to DISH NETWORK. Dept 0063, Palatine, IL 60055-0063.
To pay by:
MoneyGram ExpressPay call 1-800-926-9400 (receive code: 1899)
ProCash call 1-877-211-4073
America's Cash Express (ACE) 1-800-991-9154
Western Union Quick Collect call 1-800-325-6000
(code city: DISH Network, code state: CO)
Check payments: DISH Network processes personal checks electronically. Your bank statement is your proof of payment. If you wish to receive your cancelled check, call 1 by your financial institution, please check the appropriate boxes on the remittance slip.
Please write your DISH Network account number on any checks or money orders.

### Fee
| | |
|---|---|
| Returned Payment Fee | $10.00 |
| Late Payment Fee | $5.00 |
| Reconnect Fee | $25.00 |
| Additional Outlet Programming Access Fee | $6.00 |
| Additional Outlet Programming Access Fee (HD) | $6.00 |
| HD Enabling Fee | $6.00 |
| DISH Network DVR Service Fee | $5.98 |
| Change of Programming Service Fee | |
| Regular Programming | $5.00 |
| Adult Programming | $10.00 |
| There is no fee to add programming. | |
| Service Access Fee | $6.00 |
| Credit/Debit Card Payment Agent Handling Fee | $5.00 |
| Check by Phone Fee | $8.99 |

### Equipment Rental Charges
Digital Home Advantage (DHA) customers pay a monthly equipment rental fee based on the number and type of receivers on the account. The equipment rental fee for the first receiver is included in the package price. An additional equipment rental fee of $5.00 ($6.00 in the case of model ViP211 or ViP622 DVR) per month will be charged to your account for each receiver beyond the first and will be displayed as a separate line item on your bill. Applicable tax charges are added.

### Connection
To optimize the operation of your equipment, you must connect each DISH Network receiver on your account to a telephone line.

### Terms and Conditions
Your Residential Customer Agreement is included in your User's Manual and is also available at www.dishnetwork.com. Please consult this and any promotional agreement for the terms and conditions applicable to programming and other services. By activating your DISH Network account and receiving services, you accept such terms and conditions.
sb260026

## Atzi Camarena

**From:**     "Lawrence, Anna" <AdLawrence@oaklandnet.com>
**To:**       <TPRLA@att.net>
**Sent:**     Tuesday, April 04, 2006 1:10 PM
**Subject:**  Star Laundry, 3419 East 14th Avenue, Oakland, CA 94601

*Dear Mr. Riley,*

*I am in receipt of your letter dated March 23, 2006 requesting information on the above listed establishment. Star Laundry located at 3419 International Blvd (formerly East 14th Street) owner Mohamed Khateer business was sold on November 15, 2001.*

*There are no other businesses with the name of Star Laundry and or Laundries at that location.*

*Anna Lawrence*
*Revenue Operations Supervisor*
*Business Tax Section*
*510-238-7478*

4/4/2006




## Inesa Mamidjanyan

| | |
|---|---|
| **From:** | "Atzi Camarena" <tprla@att.net> |
| **To:** | "Angel Atherall" <tprdc@att.net>; "MiChelle RobinSon" <tprlaw@att.net>; "Ina" <tprsf@att.net> |
| **Sent:** | Friday, April 14, 2006 11:22 AM |
| **Subject:** | Fw: Star Laundry 3419 E. 14th Avenue Oakland |

----- Original Message -----
**From:** Lawrence, Anna
**To:** 'Atzi Camarena'
**Sent:** Friday, April 14, 2006 11:00 AM
**Subject:** RE: Star Laundry 3419 E. 14th Avenue Oakland

E14th Street in Oakland is now International Blvd, and the business name is La Torta Loca #1 with current owner name of Valentin A. Torres.

Anna Lawrence
Revenue Operations Supervisor
Business Tax Section
510-238-7478

---

**From:** Atzi Camarena [mailto:tprla@att.net]
**Sent:** Friday, April 14, 2006 10:46 AM
**To:** adlawrence@oaklandnet.com
**Subject:** Star Laundry 3419 E. 14th Avenue Oakland

Ms. Lawrence

I received your email dated April 4, 2006  stating that Mohamed Khateer business sold the business in 2001, however can I please get the current owner's name so we can begin legal action against this establishment.
Thanks so much for all of your help!!

Have a very Happy Easter

Michelle S. Robinson
LAW OFFICES OF THOMAS P. RILEY, P.C.
One California Plaza
300 South Grand Avenue, Suite 2670
Los Angeles, California 90071
Telephone: 213-229-9292
Facsimile: 213-229-9295
tprlaw@att.net

4/14/2006

# LAW OFFICES OF THOMA___ P. RILEY

### A PROFESSIONAL CORPORATION

---

**FIRST LIBRARY SQUARE**
**1114 FREMONT AVENUE**
**SOUTH PASADENA, CA  91030-3227**

**TPRLAW@att.net**

TEL: (626) 799-9797                                       FAX: (626) 799-9795

July 11, 2006

Mr. Valentin Torres
Star Laundry
3419 International Blvd
Oakland, CA 94601

1399 Leonard Dr
Leondro, CA 94577

---

Re: *J & J Sports Productions, Inc. v. Valentin A. Torres, et al.*

Mr. Torres:                                   *Transmitted By First Class Mail*

Please consider this correspondence my client's final overture towards
reaching any pre-suit resolution of this matter.

If you have any interest whatsoever in avoiding the impending federal
action, you have until the end of next week to convey such sentiments to my
office.

Cordially,

Thomas P. Riley

cc:  J & J Sports Productions, Inc.

TPR/aa

1  Thomas P. Riley, SBN 194706
   **LAW OFFICES OF THOMAS P. RILEY, P.C.**
2  First Library Square
   1114 Fremont Avenue
3  South Pasadena, CA 91030-3227

4  Tel:  626-799-9797
   Fax: 626-799-9795
5  TPRLAW@att.net

6  Attorneys for Plaintiff
   J & J Sports Productions, Inc.

7

8              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
9

10

11  J & J Sports Productions, Inc.,          Case No. CV 08-0988 JSW

12              Plaintiff,                    **DECLARATION OF THOMAS P.**
                                              **RILEY IN SUPPORT OF PLAINTIFF'S**
13      vs.                                   **OPPOSITION TO DEFENDANTS'**
                                              **MOTION TO DISMISS COMPLAINT**
14  Valentin A. Torres, et al.                **(F.R.C.P. 21, F.R.C.P. 12 (b) (6) AND**
                                              **MEMORANDUM OF POINTS AND**
15                                            **AUTHORITIES IN SUPPORT**
                Defendants.                   **THEREOF**
16

17

18      I, Thomas P. Riley, declare as follows:

19

20      1.      I am the counsel for J & J Sports Productions, Inc., in the above-entitled action.

21      2.      I have personal knowledge of the following facts except those stated on information and

22  belief, and as to those facts, I believe them to be true.

23      3.      On May 3, 2006, my law office sent a demand letter to Mr. Valentin A. Torres, who we

24  were informed and believe to be the operator of a commercial establishment doing business as "Star

25  Laundry a/k/a Star Laundromat" in Oakland, California.  (Specifically, my staff was informed by the

26  Revenue Operations Supervisor of the Business Tax Section for the City of Oakland that the *only*

27  lawful operator of any establishment at that address on Saturday, February 25, 2006 was Valentin

28  Torres, the business licensee of the adjoining establishment doing business from the exterior as "La

    Torta Loca".

---

DECLARATION OF THOMAS P. RILEY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
COMPLAINT (F.R.C.P. 21, F.R.C.P. 12 (b) (6) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. CV 08-0988 JSW
PAGE 1

4.     Shortly thereafter we received back from the Postal Service a Form 3811 bearing the signature of Mr. Valentin Torres and a delivery date of May 6, 2006.

5.     On May 16, 2006, my law firm received a phone call from Mr. Valentin A. Torres in response to my May 3, 2006 letter. My staff set an appointment to speak with him for 9:00 a.m. the following day.

6.     On May 17, 2006, I conducted a telephone conference with Mr. Valentin A. Torres and his son Omar Torres. Later that same day I received a copy of my May 3, 2006 letter and a two-page Dish Network bill and a copy of a receipt evidencing payment of the Dish Network bill.

7.     Shortly thereafter I called Mr. Valentin Torres back at the number he provided my staff and spoke with Omar Torres. Settlement was reached with Omar Torres concerning the unlawful exhibition of our client's *Program* and releases and cover letters were prepared, signed, and overnighted to both Mr. Omar Torres and our client's representative that same day.

8.     When performance did not commence on or before June 1, 2006 as specified, Mr. Omar Torres was formally notified on June 2, 2006 that if performance was not made, suit would be forth-coming.

9.     Omar Torres, on behalf of himself and his father failed to perform as required by the day he was given to cure the outstanding default so on June 12, 2006, additional demand letters were dispatched to Mr. Valentin Torres by First Class and Certified mail.

10.     As noted within, the United States Postal Service green cards included within this opposition, certified letters sent to Mr. Valentin Torres **at Star Laundry** were received by him personally. (The certified demand letters sent to his home were never claimed and thereafter returned to my law office).

11.     On June 26, 2006, Mr. Valentin Torres called my office, set an appointment to speak with me for June 28, 2006, and reminded my staff he faxed our office a copy of a Dish Network bill evidencing proof of payment for the telecast.

12.     On June 28, 2006, I spoke with Mr. Valentin Torres. He denied that settlement was ever reached with his son Omar. He further claimed he would speak to an attorney.

13.     On July 11, 2006, I sent Mr. Valentin Torres a formal letter. Consistent with each and every correspondence sent to him previously, this letter was addressed to him personally, in care of

1  **"Star Laundry"** at the International Boulevard and Leonard Drive addresses.  Not one single piece of

2  correspondence addressed to Mr. Valentin Torres was ever returned to my office as "undeliverable",

3  rather the Certified mail was duly signed for when sent to him personally care of the laundromat

4  address.

5

6      **Executed this Fourteenth day of August Two Thousand Eight, in South Pasadena,**

7  **California.**

8

9

10                                    **THOMAS P. RILEY**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE (SERVICE BY MAIL)

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, CA 91030.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On August 14, 2008, I served:

**NOTICE OF PLAINTIFF'S OPPOSITION; PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT (F.R.C.P. 21, F.R.C.P. 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was duly mailed and addressed to:

Valentin A. Torres (Defendant)
1399 Leonard Drive
San Leandro, CA 94577

Omar Torres (Defendant)
1399 Leonard Drive
San Leandro, CA 94577

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on August 14, 2008, at South Pasadena, California.

Dated:  August 14, 2008                        /s/ Andrea Chavez
                                                          **ANDREA CHAVEZ**

1  Thomas P. Riley, SBN 194706
   LAW OFFICES OF THOMAS P. RILEY, P.C.
2  First Library Square
   1114 Fremont Avenue
3  South Pasadena, CA 91030-3227

4  Tel:  626-799-9797
   Fax: 626-799-9795
5  TPRLAW@att.net

6  Attorneys for Plaintiff
   J & J Sports Productions, Inc.

7

8                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
9

10

11 J & J Sports Productions, Inc.,        Case No: CV 08-0988 JSW

12              Plaintiff,
                                          [Proposed] ORDER DENYING
13     vs.                                DEFENDANT'S MOTION TO
                                          DISMISS COMPLAINT
14 Valentin A. Torres, et al.

15             Defendants.

16

17       The papers being submitted by the parties having been considered by the Court;

18 oral argument by counsel being heard,  and good cause appearing therefore;

19 IT IS HEREBY ORDERED  the Defendant's Motion is DENIED with prejudice.

20       Plaintiff shall be granted ten (10) days from the date of this Order to file and

21 serve its attorney's fees bill for legal costs and attorneys' fees incurred in opposing the

22 Defendant's motion.

23

24 It is so ordered:

25

26 _____      Dated: _____

27 The Honorable Jeffrey S. White
   Northern District of California
28

## PROOF OF SERVICE (SERVICE BY MAIL)

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On August 14, 2008, I served:

**[Proposed] ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT**

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was duly mailed and addressed to:

Valentin A. Torres (Defendant)
1399 Leonard Drive
San Leandro, CA 94577

Omar Torres (Defendant)
1399 Leonard Drive
San Leandro, CA 94577

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on August 14, 2008, at South Pasadena, California.

Dated: August 14, 2008                    */s/ Andrea Chavez*
                                          **ANDREA CHAVEZ**