Valentin A. Torres
1399 Leonard Drive
San Leandro, CA 94577
Telephone: (510) 532-7105

Pro Se



# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J Sports Productions, Inc., | **Case No. 3:08-cv-00988-JSW** |
| Plaintiff, | **DEFENDANT VALENTIN A. TORRES' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS (FRCP 21, FRCP 12(b)(6)** |
| vs. | |
| Valentin A. Torres and Omar Torres, individually and d/b/a Star Laundry a/k/a La Torta Loca #1, | **FOR:    Honorable Jeffrey S. White** |
| | **DATE:    Friday, October 3, 2008** |
| Defendants. | **TIME:    9:00 AM** |

**ORIGINAL**

Defendant Valentin A. Torres' reply to Plaintiff's Opposition to his Motion to Dismiss

Plaintiff's Complaint will be based on his Motion to Dismiss Complaint; all documents and

records on file in this action; Declaration of Valentin A. Torres; Defendant's response to

Plaintiff's objections to Defendant's evidence in support of Motion to Dismiss the Complaint;

and Defendant's response to blatantly false and perjurious statements offered in an affidavit by

Plaintiff's private investigator, Gary Gravelyn.

1

DEFENDANT VALENTIN A. TORRES' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT, MEMORANDUM
OF POINTS AND AUTHORITIES

**ISSUE TO BE DECIDED**

Should the Court dismiss the Complaint filed against Valentin A. Torres?

**ANSWER**

Yes. Valentin A. Torres is *not* a proper party defendant in this action because Plaintiff has failed to show a factual nexus of Valentin Torres to the alleged violations of federal statutes. Moreover, the complaint repeatedly fails to allege any specific facts and legal claims to support the allegations.

## I. BRIEF STATEMENT OF RELEVANT FACTS

In the Opposition to Defendant's Motion to dismiss the complaint, Plaintiff concedes that on the date of the fight program, Valentin Torres had already transferred his interest in the laundromat to his son, Omar Torres (Opposition, p. 5, lines 16-17). Plaintiff also concedes throughout its Opposition that the two businesses operate under two distinct names. Despite these admissions, Plaintiff claims a private investigator by the name of Gary Gravelyn "witnessed the contemporaneous exhibition of the Plaintiff's program at the commercial establishment co-operated by ...Defendant" (Opposition, p. 3, lines 15-17). As discussed in greater detail below, Gravelyn's affidavit is unreliable because it contains blatantly false statements in a "fill in the blanks" affidavit form.

Plaintiff repeatedly fails to allege any specific facts to prove that Valentin Torres intercepted the fight program and used it to his commercial advantage or private financial gain. Plaintiff admits that it received a faxed copy of the dish Network bill for the valid order of the boxing program; that the bill was issued to Omar Torres, not Valentin Torres; and that it received evidence that Omar Torres paid the bill. These admissions alone invalidate any claim of illegal interception. The boxing program was legally ordered, purchased, and shown at site for which it

2

was purchased. More importantly, Plaintiff does not allege *how* Valentin Torres intercepted the boxing match at issue. And nowhere in the complaint or Opposition does Plaintiff allege that Valentin Torres asked customers of La Torta Loca or Star Laundromat to pay a cover charge during the telecast. Clearly, Plaintiff provides no evidence that Valentine Torres' business gained financially from the boxing program.

## II. ARGUMENT

### A. Plainiff's Reliance on F.R.C.P. Rule 12(b)(6) and Case Law to Justify Conclusory Statements and Lack of Specific Facts to Support its Allegations is Wrong.

1. Plaintiff alleges that La Torta Loca and Star Laundromat are "essentially one business operated by both Mr. Valentin A. Torres and his son, Omar Torres, side by side" (Opposition, p. 4, lines 24-25). Valentin Torres disagrees. As previously stated, La Torta Loca is a totally separate business that is not in any way affiliated with Star Laundromat.

2. Valentin A. Torres has at all times relevant to this action leased space for his take-out food stand and the apartment on the second level above La Torta Loca #1 and Star Laundromat. A true and correct copy of lease agreements for the food stand and apartment is attached hereto as Exhibit "A." The leases are in the names of "Valentin and Guadalupe Torres" Guadalupe is Valentine's wife. Also attached, as Exhibit "B" is a lease for the laundromat in Omar Torres' name. Additionally, PG&E gas and electric bills for the food stand and apartment, covering the period January 31, 2006 to February 28, 2006 are in Valentin A. Torres' name. True and correct copies of the bills are attached as Exhibit "C." A separate PG&E bill for the laundromat, covering the *same* period – January 31, 2006 to February 6, 2006 – shows Omar Torres as the customer of record. A true and correct copy of Omar's bill is attached hereto as Exhibit "D."

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

If, as Plaintiff contends, La Torta Loca and Star Laundromat are one inseparable business operated jointly by Valentin A. Torres and his son, Omar Torres, separate leases and utility bills would be unnecessary.

3. Regarding Plaintiff's allegation that the laundromat and "taqueria" comprise a single business entity/enterprise jointly owned/operated by Valentine Torres and his son Omar (Opposition page 4, lines 17-26), it is very common for distinct business entities to share common space with a common address. Common occupancy of space and sharing of an address alone is not indicative of common ownership interest.

4. Plaintiff erroneously suggests that the mere fact that Valentin Torres signed for documents sent by certified mail to the laundromat evidences an ownership interest in the laundromat. The documents were specifically addressed to Valentin Torres and Mr. Torres' presence was specifically due to his operating the "taqueria" located inside the same building space as the laundromat. Valentin Torres' presence in no way evidences the management, oversight, dominion, or control of the laundromat.

5. Valentin Torres concedes that pursuant to F.R.C.P. Rule 12(b)(6) the complaint must be construed in the light most favorable to the plaintiff, and that "no matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion." However, Valentin Torres argues that Plaintiff fails to distinguish between statements of fact and mere conclusions. Plaintiff pleads no facts that show *how* the boxing program can be legally ordered and paid for by Omar Torres but unlawfully shown. Further, Plaintiff pleads no facts that show how Valentin Torres is in any way implicated in the case. Therefore, Rule 12(b)(6) and the case law cited by Plaintiff (*Parks School; Neitzke; and Bernheim*) is inapplicable to the instant case as discussed by Plaintiff; it only has bearing upon statements of facts, not mere

4

baseless conclusions.

**B.    Plaintiff's Opposition is Based Almost Entirely on Blatantly False and Perjurious Statements Made by Its Private Investigator.**

1. The private investigator, Gary Gravelyn, states in his affidavit that he entered the "Star Laundry" at 8:15 p.m. (Affidavit page 1, line 4) and "departed this establishment at 8:18 p.m." (page 2, line 9).

2. The Plaintiff, in reliance on Gravelyn's sworn affidavit, would have this Court believe that *three (3)* minutes after entering the laundromat/taqueria the private investigator:

a. Observed two television sets and noticed the dimension were 35 inches and 12 inches respectively; that one TV was in a corner by the "concession both' and the other in the kitchen.

b. On the TV sets he observed the boxing match between Shane Moseley and Fernando Vargas – and astutely noted that "Vargas was wearing gold trunks and Moseley was wearing blue white strip(sp) trunks."

c. Gravelyn also observed "it was the 2nd round. [And] both fighters were sparring."

d. He also observed that a cable box was not visible and the "establishment does not have a satellite dish."

e. Investigator Gravelyn was noncommital with respect to whether or not there were or were not apartments above or adjacent to the establishment.

f. During the same three-minute time span, the investigator claimed he observed "a laundry mat(sp) with taqueria-concession stand along backwall .. employees enter laundry to get to taqueria. Taqueria was called La Torta Loca. Table seating in laundry."

5

These claims are patently false. There is no concession booth and La Torta Loca is *not* along a back wall. Five authentic digital photographs of the entrance to Star Laundromat and La Torta Loca (immediately to the right after entering the laundromat) are incorporated herein and attached hereto as Exhibit "E." The photographs clearly refute the allegation that La Torta Loca is "along a back wall."

    g. Gravelyn also had time to take two headcounts during his three-minute visit. Each time he counted 15 people in the establishment.

  3. Valentin Torres argues that it is not humanly possible for an investigator – or anyone else – to accomplish the tasks listed in "a" through "g" above in **three** minutes.

  4. Plaintiff's private investigator, Gary Gravelyn, allegedly observed the presence of 15 persons in the laundromat on the day the boxing program was shown. It should be noted that Gravelyn's "observations' were made on a Saturday evening, when many people do their laundry. There were not a large number of persons present, and Plaintiff has provided no evidence that the people who were present were enticed to patronize either the laundromat or the taqueria by the showing of the boxing match.

  5. Plaintiff alleges that "Patrons of the laundromat eat the taqueria's food from a concession stand within the laundromat and those entering the laundromat, including licensed private investigator Gary Gravelyn, were able to watch television programming on television sets in both the taqueria, as well as the laundromat itself, including the Plaintiff's *Program.*" This is another blatantly false statement by Gravelyn. Again there is no concession stand in the laundromat, and customers cannot watch television in La Torta Loca because it is located in a closed area, as the photographs in Exhibit "E" show.

  6. Valentine Torres measured the distance from the entrance to the laundromat

6

booth. It is 60 feet. The five digital photographs, attached hereto as Exhibit "F" illustrate the distance and space that Plaintiff claims his investigator surveyed, among other things, in *three* minutes. It is worth noting that the only photograph that Plaintiff's investigator included with his affidavit was an exterior picture to show the obvious, that there was one entrance to the two businesses. For some inexplicable reason, the investigator did not include with his affidavit photographs of scenes *inside* the establishment, but chose instead to rely on what we now know to be faulty memory recall captured in the three-minute visit.

7. Plaintiff, through his investigator, further claims the establishment did not have a satellite dish on February 25, 2006, the date the boxing program was exhibited. This is a false statement. The satellite dish was mounted on the roof of the second story apartment above La Torta Loca and Star Laundry. The satellite has since been removed; however, a photograph of the exterior of the apartment is incorporated herein and attached hereto as Exhibit "G." The existence of the second floor apartment and other residences adjacent to La Torta Loca and Star Laundry refutes Plaintiff's claim that the establishment is located in a "commercial" neighborhood. The area is a mix of commercial and residential dwellings.

8. Plaintiff alleges that on May 17, 2006 it reached a settlement agreement with Omar Torres and that by June 1, 2006 Omar Torres had failed to perform according to the terms of the agreement. Plaintiff did not make Valentin Torres a party to the settlement agreement; only Omar Torres was required to perform. Only after Omar Torres allegedly failed to perform according to the settlement agreement did Plaintiff resume communications with Valentin Torres. Apparently there had been no communication by Plaintiff with Valentin Torres from May 17, 2006 to June 12, 2006. Further, on June 28, 2006, Valentin Torres specifically denied having entered into any settlement agreement with Plaintiff.

7

**C.      Plaintiff Erred in Bringing a Commercial Signal Piracy Case Under Both 47 U.S.C. Section 605 *and* 47 U.S.C. Section 553.**

1. In the instant case, Plaintiff seeks separate awards of damage under the two statutes for the same alleged violation.  Courts, including the United States District Court for the Northern District of California, have consistently held  that where violations of both sections 605 and 553 stem from the same conduct, in the absence of unusual or particularly egregious circumstances, damages is generally imposed under section 605 only.

2. Under the prevailing law, Plaintiff's claim had to be based on either section 553 or 605, not both.  Plaintiff erred in bringing a piracy claim under both federal sections and erred further in failing to state facts to support a claim under either section.

<strong>CONCLUSION</strong>

Based on the foregoing, Defendant Valentin A. Torres respectfully requests that this Court deny Plaintiff's Opposition to Defendant's motion and grant Defendant's motion to dismiss Counts I, II, and III of Plaintiff's Complaint and enter its order dismissing this action with prejudice.

Dated: 8- 22- 08

VALENTIN A. TORRES
DEFENDANT PRO SE

8

DEFENDANT VALENTIN A. TORRES' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT, MEMORANDUM
OF POINTS AND AUTHORITIES

Valentin A. Torres
1399 Leonard Drive
San Leandro, CA 94577
Telephone: (510) 532-7105

Pro Se

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J Sports Productions, Inc, | **Case No. 3:08-cv-00988-JSW** |
| Plaintiff, | **DECLARATION OF VALENTIN A. TORRES IN SUPPORT OF REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |
| vs. | |
| Valentin A. Torres, et al., | |
| Defendants | **FOR:    Honorable Jeffrey S. White** |
| | **DATE:   Friday, October 3, 2008** |
| | **TIME:    9:00 AM** |

I, Valentin A. Torres, declare as follows:

1.      The following facts are all within my personal knowledge and if called as a witness I could and would competently testify thereto.

2.      I am the defendant in the above-entitled action and sole owner-operator of La Torta Loca No. 1, a take-out food stand located at 3419 International Blvd., Oakland, California 94601.

3.      On June 23, 1998, I leased approximately 230 square feet of storefront property at 3419 International Blvd., Oakland, California 94601, for the purpose of operating a take-out food stand, known as La Torta Loca No. 1.

4.      I was the owner and operator of Star Laundromat from October 1, 2004 to

1

**DECLARATION OF VALENTIN A. TORRES IN SUPPORT OF REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

December 31, 2004. On December 31, 2004, I relinquished all ownership interest, management, and control of Star Laundromat.

5.    In January 2005, my son Omar Torres took over as sole owner and manager of Star Laundromat. A lease document dated September 17, 2004, shows the laundromat space was leased to Omar Torres. A PG&E bill for the period January 31, 2006 to February 06, 2006 shows Omar Torres was the customer of record for utility service to the laundromat. See Exhibits "B" and "C" attached to my Reply Brief.

6.    On May 12, 2008, I received the summons and complaint accusing me of commercial signal piracy was left at my home, located at 1399 Leonard Drive in San Leandro, California.

7.    Contrary to allegations in the complaint, I categorically deny intercepting the boxing program shown on television on February 25, 2006. I also deny publishing, exhibiting and divulging the program for commercial advantage or private financial gain, as the complaint alleges. I have neither the interest nor technical know-how to engage in the commercial signal piracy that Plaintiff alleges.

8.    More specifically, I deny violating Title 47 U.S.C. Section 605 (Count I of the complaint, Title 47 U.S.C. Section 553 (Count II of the complaint), and Conversion (Count III) of the complaint.

9.    In its complaint, Plaintiff suggests that I entered into a settlement agreement with Plaintiff's counsel and subsequently denied that a settlement was ever reached (Opposition, p. 7, lines 2-4). I deny entering into any kind of settlement agreement with Plaintiff's counsel, either individually or jointly with my son, Omar.

10.    On July 29, 2008, I filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure Rule 21 and Federal Rule of Civil Procedure Rule 12(b)(6) on the grounds that I am not a property party to the lawsuit. In addition to the defective jurisdiction issue, Plaintiff has provided no specific facts to support the allegations.

///

///

2

1      I declare under penalty of perjury under the laws of the United States of America that the

2 foregoing is true and correct. Executed this 22nd day of August, 2008 at San Leandro, California.

Valentin A. Torres

**3**

**DECLARATION OF VALENTIN A. TORRES IN SUPPORT OF REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

1    Valentin A. Torres
2    1399 Leonard Drive
     San Leandro, CA 94577
3    Telephone: (510) 532-7105

4    Pro Se

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11   J & J Sports Productions, Inc.,              Case No. 3:08-cv-00988-JSW

12              Plaintiff,                         **[PROPOSED] ORDER DENYING
                                                  PLAINTIFF'S OPPOSITION TO
13   vs.                                          DEFENDANT'S MOTION TO
                                                  DISMISS COMPLAINT**
14   Valentin A. Torres and Omar Torres,
15   individually and d/b/a Star Laundry          **FOR:    Honorable Jeffrey S. White
     a/k/a La Torta Loca #1,                      DATE:  Friday, October 3, 2008
16                                                TIME:  9:00 AM**

17              Defendants.

18

19        Defendant Valentin A. Torres' Reply to Plaintiff's Opposition to Motion to Dismiss

20   Plaintiff's complaint  came on regularly for hearing by the Court on October 3, 2008. Plaintiff
21
     having appeared through counsel, Defendant proceeding *pro se*, the Court having reviewed the
22
23   Reply Brief and opposition papers, and having heard oral argument, the Court orders as follows:

24   ///
     ///
25   ///

26

27

28

IT IS ORDERED that this Complaint be dismissed with prejudice and that Plaintiff and

its attorney each pay forthwith to Defendant Valentine A. Torres the sum of $ 1,575.00 for

expenses plus additional unspecified expenses incurred in defending this lawsuit.


DATED: _____



                                                                            _____
                                                                            JEFFREY S. WHITE
                                                                             UNITED STATES DISTRICT JUDGE

# EXHIBIT "A"

COPY



CALIFORNIA
ASSOCIATION
OF REALTORS®

# TENANT ESTOPPEL CERTIFICATE
### (C.A.R. Form TEC-11, Revised 4/01)

Tenant: _VALENTIN AND GUADALUPE TORRES_
Premises: _3419 INTERNATIONAL BLVD., OAKLAND, CA 94601_
_APPROXIMATELY 1,700 S.F. OF OFFICE SPACE ON 2 LEVELS + 3 PARKING SPACES, COMMONLY KNOWN AS_
_3410 E. 12TH STREET_

To whom it may concern:
1.  The undersigned is the Tenant of the above premises under the following Lease:
    ( ☐ If checked) A copy of the Lease is attached hereto.
    Date of the Lease: _04/01/2000_
    Name of the original Landlord: _NICK & YULA PIPERIS_
    Name of the current Landlord (if not the same as above): _PIPERIS TRUST_
    Name of the original Tenant: _VALENTIN AND GUADALUPE TORRES_
    Name of the current Tenant (if not the same as above): _N/A_
    Name of any other original occupants: _N/A_
    Current monthly base rent: $ _____ , paid through: _____
    Security deposit: $ _____    Other deposits: $ _____
    Expiration date of current term: _____
    Number and length of remaining options to renew or extend, if any: _NONE - ADDENDUM TO LEASE DATED 3/15/05 EXTENDED_
    _EXPIRATION TO 3/31/2010 - SUBSEQUENT AGREEMENT BETWEEN PARTIES CANCELLED THIS AGREEMENT._
2.  The Tenant represents that the original Lease remains in full force and effect and constitutes the entire agreement between Tenant and Landlord, except for the following modifications, amendments, addendums, assignments, extensions, and/or preferential rights or options to purchase/lease: _BOTH PARTIES AGREE THAT ORIGINAL LEASE HAS BEEN CANCELLED AND NEITHER PARTY HAS AN OBLIGATION TO_
    _THE OTHER REGARDING THIS SPACE._

    There are no verbal or written agreements or understandings between Landlord and Tenant with respect to the Premises, except as set forth above.
3.  Tenant is the actual occupant and is in possession of the Leased Premises. Tenant has not assigned, transferred or hypothecated its interest under the Lease. Any construction, build-out, improvements, alterations, or additions to the Premises required under the Lease have been fully completed in accordance with the plans and specifications described in the Lease.
4.  All obligations of Landlord under the Lease have been fully performed and Landlord is not in default under any term of the Lease. Tenant has no defenses, off-sets or counterclaims to the payment of rent or other amounts due from Tenant to Landlord under the Lease.
5.  Tenant has not been given any free rent, partial rent, rebates, rent abatements, or rent concessions of any kind, except as follows: _NONE_

6.  Tenant has not filed and is not the subject of any filing for bankruptcy or reorganization under federal bankruptcy laws or similar state laws.
7.  Tenant represents that Tenant: (a) is not in default of the performance of any obligations under the Lease; (b) has not committed any breach of the Lease; and (c) has not received any notice of default under the Lease, which has not been cured.
8.  The correct address for notices to Tenant is the Premises above unless otherwise shown below.
9.  The person signing below represents that he/she is duly authorized by Tenant to execute this Statement in Tenant's behalf.
10. Tenant understands that: (a) a lender may make a loan secured in whole or part by the Premises, and that if Lender does so, Lender's action will be in material reliance on this Estoppel Certificate; and/or (b) a buyer may acquire the Premises or the building in which the Premises is located, and if buyer completes the purchase, buyer will do so in material reliance on this Estoppel Certificate.

Date: _6-20-2008_    _Valentin _____ Guadalupe / torres_
                      Tenant _VALENTIN AND GUADALUPE TORRES_

Receipt Acknowledged:                          _OWNER_
Date: _____    By _____      Title _____
                      _PIPERIS TRUST_
                      Landlord or Manager

                      By _____      Title _____

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1990-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____
Broker or Designee _____ Date _____

**TEC-11 (PAGE 1 OF 1)**

## TENANT ESTOPPEL CERTIFICATE (TEC-11 PAGE 1 OF 1)

Income Property Services 1343 Locust St. #204 Walnut Creek, CA 94596
Phone: (925) 988 - 0502    Fax: (925) 988 - 0401    Shawn Willis                    Bob Giffin

(COPY)



CALIFORNIA
ASSOCIATION
OF REALTORS®

## TENANT ESTOPPEL CERTIFICATE
(C.A.R. Form TEC-11, Revised 4/01)

Tenant: _VALENTIN AND GUADALUPE TORRES_
Premises: _3419 INTERNATIONAL BLVD., OAKLAND  CA  94601_
_230+/- S.F. STOREFRONT RESTAURANT_

To whom it may concern:
1. The undersigned is the Tenant of the above premises under the following Lease:
   ( ☐ If checked) A copy of the Lease is attached hereto.
   Date of the Lease: _06/23/1998_
   Name of the original Landlord: _NICK & YULA PIPERIS_
   Name of the current Landlord (if not the same as above): _PIPERIS TRUST_
   Name of the original Tenant: _VALENTIN AND GUADALUPE TORRES_
   Name of the current Tenant (if not the same as above): _SAME_
   Name of any other original occupants: _N/A_
   Current monthly base rent: $ _1,000.00_ , paid through: _May 31, 2008_
   Security deposit: $ _1,000.00_    Other deposits: $ ___
   Expiration date of current term: _June 30, 2008_
   Number and length of remaining options to renew or extend, if any: _NONE_

2. The Tenant represents that the original Lease remains in full force and effect and constitutes the entire agreement between Tenant and Landlord, except for the following modifications, amendments, addendums, assignments, extensions, and/or preferential rights or options to purchase/lease: _NO EXCEPTIONS_

   There are no verbal or written agreements or understandings between Landlord and Tenant with respect to the Premises, except as set forth above.
3. Tenant is the actual occupant and is in possession of the Leased Premises. Tenant has not assigned, transferred or hypothecated its interest under the Lease. Any construction, build-out, improvements, alterations, or additions to the Premises required under the Lease have been fully completed in accordance with the plans and specifications described in the Lease.
4. All obligations of Landlord under the Lease have been fully performed and Landlord is not in default under any term of the Lease. Tenant has no defenses, off-sets or counterclaims to the payment of rent or other amounts due from Tenant to Landlord under the Lease.
5. Tenant has not been given any free rent, partial rent, rebates, rent abatements, or rent concessions of any kind, except as follows: _NONE_

6. Tenant has not filed and is not the subject of any filing for bankruptcy or reorganization under federal bankruptcy laws or similar state laws.
7. Tenant represents that Tenant: (a) is not in default of the performance of any obligations under the Lease; (b) has not committed any breach of the Lease; and (c) has not received any notice of default under the Lease, which has not been cured.
8. The correct address for notices to Tenant is the Premises above unless otherwise shown below.
9. The person signing below represents that he/she is duly authorized by Tenant to execute this Statement in Tenant's behalf.
10. Tenant understands that: (a) a lender may make a loan secured in whole or part by the Premises, and that if Lender does so, Lender's action will be in material reliance on this Estoppel Certificate; and/or (b) a buyer may acquire the Premises or the building in which the Premises is located, and if buyer completes the purchase, buyer will do so in material reliance on this Estoppel Certificate.

Date: _6-20-2008_  _____ Guadalupe / Torres
   Tenant _VALENTIN AND GUADALUPE TORRES_

Receipt Acknowledged:                    _OWNER_
By _____                            Title
Date: _____
   _PIPERIS TRUST_
   Landlord or Manager

By _____                            Title

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1980-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.
Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by
Broker or Designee _____ Date _____

**TEC-11 (PAGE 1 OF 1)**

### TENANT ESTOPPEL CERTIFICATE (TEC-11 PAGE 1 OF 1)

Income Property Services 1343 Locust St. #204 Walnut Creek, CA 94596
Phone: (925) 988 - 0502    Fax: (925) 988 - 0401    Shawn Willis                    Bob Giffin

COPY



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

## TENANT ESTOPPEL CERTIFICATE
(C.A.R. Form TEC-11, Revised 4/01)

Tenant: _VALENTIN AND GUADALUPE TORRES_

Premises: _3419 INTERNATIONAL BLVD., OAKLAND CA 94601_
_APPROXIMATELY 1,700 S.F. OF OFFICE SPACE ON 2 LEVELS + 3 PARKING SPACES, COMMONLY KNOWN AS_
_3410 E. 12TH STREET_

To whom it may concern:

1. The undersigned is the Tenant of the above premises under the following Lease:
   ( [ ] If checked) A copy of the Lease is attached hereto.
   Date of the Lease: _04/01/2000_
   Name of the original Landlord: _NICK & YULA PIPERIS_
   Name of the current Landlord (if not the same as above): _PIPERIS TRUST_
   Name of the original Tenant: _VALENTIN AND GUADALUPE TORRES_
   Name of the current Tenant (if not the same as above): _N/A_
   Name of any other original occupants: _N/A_
   Current monthly base rent: $ _____ , paid through: _____
   Security deposit: $ _____ Other deposits: $ _____
   Expiration date of current term: _____
   Number and length of remaining options to renew or extend, if any: _NONE - ADDENDUM TO LEASE DATED 3/15/05 EXTENDED_
   _EXPIRATION TO 3/31/2010 - SUBSEQUENT AGREEMENT BETWEEN PARTIES CANCELLED THIS AGREEMENT._

2. The Tenant represents that the original Lease remains in full force and effect and constitutes the entire agreement between Tenant and Landlord, except for the following modifications, amendments, addendums, assignments, extensions, and/or preferential rights or options to purchase/lease: _BOTH PARTIES AGREE THAT ORIGINAL LEASE HAS BEEN CANCELLED AND NEITHER PARTY HAS AN OBLIGATION TO_
_THE OTHER REGARDING THIS SPACE._

   There are no verbal or written agreements or understandings between Landlord and Tenant with respect to the Premises, except as set forth above.
3. Tenant is the actual occupant and is in possession of the Leased Premises. Tenant has not assigned, transferred or hypothecated its interest under the Lease. Any construction, build-out, improvements, alterations, or additions to the Premises required under the Lease have been fully completed in accordance with the plans and specifications described in the Lease.
4. All obligations of Landlord under the Lease have been fully performed and Landlord is not in default under any term of the Lease. Tenant has no defenses, off-sets or counterclaims to the payment of rent or other amounts due from Tenant to Landlord under the Lease.
5. Tenant has not been given any free rent, partial rent, rebates, rent abatements, or rent concessions of any kind, except as follows: _NONE_

6. Tenant has not filed and is not the subject of any filing for bankruptcy or reorganization under federal bankruptcy laws or similar state laws.
7. Tenant represents that Tenant: (a) is not in default of the performance of any obligations under the Lease; (b) has not committed any breach of the Lease; and (c) has not received any notice of default under the Lease, which have not been cured.
8. The correct address for notices to Tenant is the Premises above unless otherwise shown below.
9. The person signing below represents that he/she is duly authorized by Tenant to execute this Statement in Tenant's behalf.
10. Tenant understands that: (a) a lender may make a loan secured in whole or part by the Premises, and that if Lender does so, Lender's action will be in material reliance on this Estoppel Certificate; and/or (b) a buyer may acquire the Premises or the building in which the Premises is located, and if buyer completes the purchase, buyer will do so in material reliance on this Estoppel Certificate.

Date: _6-20, 2008_   _____ _Guadalupe Torres_
                       Tenant _VALENTIN AND GUADALUPE TORRES_

Receipt Acknowledged:                    _OWNER_
                          By _____  Title
Date: _____
                          _PIPERIS TRUST_
                          Landlord or Manager

                          By _____  Title

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1990-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____
Broker or Designee _____ Date _____

**TEC-11 (PAGE 1 OF 1)**

## TENANT ESTOPPEL CERTIFICATE (TEC-11 PAGE 1 OF 1)

Income Property Services 1343 Locust St. #204 Walnut Creek, CA 94596
Phone: (925) 988 - 0502     Fax: (925) 988 - 0401     Shawn Willis          Bob Giffin

# EXHIBIT "B"

COPY



**CALIFORNIA ASSOCIATION OF REALTORS®**

## TENANT ESTOPPEL CERTIFICATE
(C.A.R. Form TEC-11, Revised 4/01)

Tenant  *OMAR TORRES*

Premises: *3419 INTERNATIONAL BLVD., OAKLAND CA  94601*
*APPROXIMATELY 1,400 S.F. OF STOREFRONT AND ALL PERSONAL PROPERTY IN EXHIBIT B*

To whom it may concern:
1. The undersigned is the Tenant of the above premises under the following Lease:
   ( ☐ If checked) A copy of the Lease is attached hereto.
   Date of the Lease: *09/17/2004*
   Name of the original Landlord: *YULA PIPERIS*
   Name of the current Landlord (if not the same as above): *PIPERIS TRUST*
   Name of the original Tenant: *VALENTIN AND GUADALUPE TORRES*
   Name of the current Tenant (if not the same as above): *OMAR TORRES*
   Name of any other original occupants: *N/A*
   Current monthly base rent: $ _____ , paid through: _____
   Security deposit: $ _____  Other deposits: $ _____
   Expiration date of current term: _____
   Number and length of remaining options to renew or extend, if any: *NONE – ADDENDUM TO LEASE DATED 3/30/07 EXTENDED*
   *EXPIRATION TO 4/1/2008 – PARTIES AGREE THIS LEASE HAS EXPIRED.*
2. The Tenant represents that the original Lease remains in full force and effect and constitutes the entire agreement between Tenant and Landlord, except for the following modifications, amendments, addendums, assignments, extensions, and/or preferential rights or options to purchase/lease: *BOTH PARTIES AGREE THAT ORIGINAL LEASE HAS BEEN EXPIRED AND NEITHER PARTY HAS AN OBLIGATION TO THE OTHER REGARDING THIS SPACE.*

   There are no verbal or written agreements or understandings between Landlord and Tenant with respect to the Premises, except as set forth above.
3. The Tenant is the actual occupant and is in possession of the Leased Premises. Tenant has not assigned, transferred or hypothecated its interest under the Lease. Any construction, build-out, improvements, alterations, or additions to the Premises required under the Lease have been fully completed in accordance with the plans and specifications described in the Lease.
4. All obligations of Landlord under the Lease have been fully performed and Landlord is not in default under any term of the Lease. Tenant has no defenses, off-sets or counterclaims to the payment of rent or other amounts due from Tenant to Landlord under the Lease.
5. Tenant has not been given any free rent, partial rent, rebates, rent abatements, or rent concessions of any kind, except as follows: *NONE*
6. Tenant has not filed and is not the subject of any filing for bankruptcy or reorganization under federal bankruptcy laws or similar state laws.
7. Tenant represents that Tenant: (a) is not in default of the performance of any obligations under the Lease; (b) has not committed any breach of the Lease; and (c) has not received any notice of default under the Lease, which has not been cured.
8. The correct address for notices to Tenant is the Premises above unless otherwise shown below.
9. The person signing below represents that he/she is duly authorized by Tenant to execute this Statement in Tenant's behalf.
10. Tenant understands that: (a) a lender may make a loan secured in whole or part by the Premises, and that if Lender does so, Lender's action will be in material reliance on this Estoppel Certificate; and/or (b) a buyer may acquire the Premises or the building in which the Premises is located, and if buyer completes the purchase, buyer will do so in material reliance on this Estoppel Certificate.

Date:  *6-20-08*

Tenant  *OMAR TORRES*   (signature)

Receipt Acknowledged:                            Title  *OWNER*
Date: _____
                          By  *PIPERIS TRUST*
                          Landlord or Manager

                          By _____   Title _____

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1990-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
**REAL ESTATE BUSINESS SERVICES, INC.**
*a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

| Reviewed by | | |
| --- | --- | --- |
| Broker or Designee _____ | Date _____ | |

**TEC-11 (PAGE 1 OF 1)**

**TENANT ESTOPPEL CERTIFICATE (TEC-11 PAGE 1 OF 1)**

Income Property Services 1343 Locust St. #204 Walnut Creek, CA. 94596
Phone: (925) 988-0502    Fax: (925) 988-0401    Shawn Willis                    Bob Giffin

# EXHIBIT "C"

V TORRES & BHERRERA GNRL PTP LA TORTA LOCA

3419 INTERNATIONAL BLVD # C
OAKLAND CA 94601

## GAS ACCOUNT DETAIL

Service ID # : 1042170010 FAST FOOD
Rate Schedule : GNR1 Gas Service to Small Commercial Customers
Billing Days : 31 days

| Serial | Meter # | Prior Meter Read | Current Meter Read | Difference | Multiplier | Usage |
|--------|---------|------------------|--------------------|------------|------------|-------|
| B | 47589146 | 9,348 | 9,699 | 351 | 1.016500 | 357 Therms |

**Charges**

01/31/2006 - 02/06/2006
Gas Charges  $129.77
Customer Charge  $0.52106/day  3.65  (
Net Charges  $133.42

*PG&E's Gas Procurement Cost (Rate Schedule G-CP) is $1.26262 / therm*

**Taxes**

Gas PPP Surcharge ($0.04542 /therm )  $3.66
Utility Users' Tax (7.500 %)  10.01

**Charges**

02/07/2006 - 03/02/2006
Gas Charges  $340.57
Customer Charge  $0.52106/day  12.51
Net Charges  $353.08

*PG&E's Gas Procurement Cost (Rate Schedule G-CP) is $0.88494 / therm*

**Taxes**

Gas PPP Surcharge ($0.04542 /therm )  $12.55
Utility Users' Tax (7.500 %)  26.48

### TOTAL CHARGES  $539.20

| Usage Comparison | Days Billed | Therms Billed | Therms per Day |
|------------------|-------------|---------------|----------------|
| This Year | 31 | 357 | 11.5 |
| Last Year | 32 | 122 | 3.8 |

The 10/20 Winter Gas Savings Program begins January 1, 2006, and ends March 31, 2006. To qualify for the 20% rebate on gas charges covering the Program period, eligible customers must show a cumulative 10% or greater reduction in their gas average daily usage (ADU) when compared to the same three-month period in 2005. From January 1, 2006, to date, you have increased your gas ADU by 124% when compared to the ADU for the same dates in 2005. For your information, your gas ADU for the entire 2005 comparison period (January 1, 2005, to March 31, 2005) was 3.14. Program eligibility rules are available at www.pge.com/1020 or you may call PG&E at 1-800-743-5000.

Customer Charge is based on the Highest Average Daily Usage within the last 12 months (11.5 therms per day during the billing period ending 03/02/2006).

## ELECTRIC ACCOUNT DETAIL

Service ID # : 1042170005 FAST FOOD
Rate Schedule : A1 Small General Service
Billing Days : 31 days

Recycled Paper
30% Post Consumer Waste

Form 61-5638 3/98

08/19/2008 17:50     No. : R361     P. 004/004

VALENTIN A TORRES DIAZ

3419 INTERNATIONAL BLVD # B
OAKLAND CA 94601

## ELECTRIC ACCOUNT DETAIL

Service ID # : 4604941005 #B
Rate Schedule : A1 Small General Service
Billing Days : 31 days

| Serial | Rotating Outage Blk | Meter # | Prior Meter Read | Current Meter Read | Difference | Meter Constant | Usage |
|--------|---------------------|---------|------------------|--------------------|------------|----------------|-------|
| B | 50 | B04920 | 90,566 | 91,833 | 1,267 | 1 | 1,267 Kwh |

### Charges
01/31/2006 - 02/28/2006
Electric Charges $157.93
Net Charges $157.93

The net charges shown above include the following component(s). Please see
definitions on Page 2 of the bill.

| | |
|---|---|
| Generation | $62.71 |
| Transmission | 11.81 |
| Distribution | 48.91 |
| Public Purpose Programs | 9.21 |
| Nuclear Decommissioning | 0.45 |
| Trust Transfer Amount (TTA) | 8.46 |
| DWR Bond Charge | 5.75 |
| Ongoing CTC | 5.45 |
| Energy Cost Recovery Amount | 5.18 |

### Taxes
Energy Commission Tax $0.26
Utility Users' Tax (7.500 %) 11.84

### Charges
03/01/2006 - 03/02/2006
Electric Charges $11.03
Net Charges $11.03

The net charges shown above include the following component(s). Please see
definitions on Page 2 of the bill.

| | |
|---|---|
| Generation | $4.32 |
| Transmission | 0.95 |
| Distribution | 3.37 |
| Public Purpose Programs | 0.64 |
| Nuclear Decommissioning | 0.03 |
| Trust Transfer Amount (TTA) | 0.58 |
| DWR Bond Charge | 0.40 |
| Ongoing CTC | 0.38 |
| Energy Cost Recovery Amount | 0.36 |

### Taxes
Energy Commission Tax $0.02
Utility Users' Tax (7.500 %) 0.83

### TOTAL CHARGES $181.91

Recycled Paper
30% Post-Consumer Waste

Form 01-8800 6/08

08/19/2008 17:50 No. : R361 P. 003/004

# EXHIBIT "D"

OMAR TORRE

3419 INTERNATIONAL BLVD
@ LAUNDROMAT
OAKLAND CA 94601

## GAS ACCOUNT DETAIL

Service ID # :      5755976811
Rate Schedule :  GNR1 Gas Service to Small Commercial Customers
Billing Days :      31 days

| Serial | Meter # | Prior Meter Read | Current Meter Read | Difference | Multiplier | Usage |
|--------|---------|------------------|--------------------|-----------|------------|-------|
| B | 41871720 | 94,132 | 95,077 | 945 | 1.016500 | 961 Therms |

Charges
01/31/2006 - 02/06/2006
Gas Charges                                               $349.35          C.
Customer Charge                     $1.66489/day           11.65
Net Charges                                                             $361.00

*PG&E's Gas Procurement Cost (Rate Schedule G-CP) is $1.26262 / therm*

Taxes
Gas PPP Surcharge ($0.04542 /therm )                                       $9.86
Utility Users' Tax (7.500 %)                                               27.08

Charges
02/07/2006 - 03/02/2006
Gas Charges                                               $916.77
Customer Charge                     $1.66489/day           39.96
Net Charges                                                             $956.73

*PG&E's Gas Procurement Cost (Rate Schedule G-CP) is $0.88494 / therm*

Taxes
Gas PPP Surcharge ($0.04542 /therm )                                      $33.80
Utility Users' Tax (7.500 %)                                              71.75

### TOTAL CHARGES                                                    $1,460.22

| Usage Comparison | Days Billed | Therms Billed | Therms per Day |
|------------------|-------------|---------------|----------------|
| This Year | 31 | 961 | 31.0 |
| Last Year | N/A | N/A | N/A |

Customer Charge is based on the Highest Average Daily Usage within the last 12 months (62.7 therms per day)
during the billing period ending 01/30/2006).

## ELECTRIC ACCOUNT DETAIL

Service ID # :      5755976476
Rate Schedule :  A1 Small General Service
Billing Days :      31 days

| Serial | Rotating Outage Blk | Meter # | Prior Meter Read | Current Meter Read | Difference | Meter Constant | Usage |
|--------|---------------------|---------|------------------|--------------------|-----------|----------------|-------|
| B | 50 | 907817 | 1,351 | 1,373 | 22 | 80 | 1,760 Kwh |

Charges
01/31/2006 - 02/28/2006
Electric Charges                                          $220.08
Net Charges                                                             $220.08

Recycled Paper
30% Post-Consumer Waste

Form 01-5630 8/98

08/19/2008 17:49          No. : R361                              P. 002/004



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

# TENANT ESTOPPEL CERTIFICATE

(C.A.R. Form TEC-11, Revised 4/01)

Tenant    _OMAR TORRES_

Premises: _3419 INTERNATIONAL BLVD., OAKLAND CA  94601_
_APPROXIMATELY 1,400 S.F. OF STOREFRONT AND ALL PERSONAL PROPERTY IN EXHIBIT B_

To whom it may concern:

1. The undersigned is the Tenant of the above premises under the following Lease:
   ( ☐ If checked) A copy of the Lease is attached hereto.
   Date of the Lease: _09/17/2004_
   Name of the original Landlord: _YULA PIPERIS_
   Name of the current Landlord (if not the same as above): _PIPERIS TRUST_
   Name of the original Tenant: _VALENTIN AND GUADALUPE TORRES_
   Name of the current Tenant (if not the same as above): _OMAR TORRES_
   Name of any other original occupants: _N/A_
   Current monthly base rent: $ _____ , paid through: _____
   Security deposit: $ _____    Other deposits: $ _____
   Expiration date of current term: _____
   Number and length of remaining options to renew or extend, if any: _NONE - ADDENDUM TO LEASE DATED 3/30/07 EXTENDED_
   _EXPIRATION TO 4/1/2008 - PARTIES AGREE THIS LEASE HAS EXPIRED._

2. The Tenant represents that the original Lease remains in full force and effect and constitutes the entire agreement between Tenant and Landlord, except for the following modifications, amendments, addendums, assignments, extensions, and/or preferential rights or options to purchase/lease: _BOTH PARTIES AGREE THAT ORIGINAL LEASE HAS BEEN EXPIRED AND NEITHER PARTY HAS AN OBLIGATION TO THE_ _OTHER REGARDING THIS SPACE._

   There are no verbal or written agreements or understandings between Landlord and Tenant with respect to the Premises, except as set forth above.

3. Tenant is the actual occupant and is in possession of the Leased Premises. Tenant has not assigned, transferred or hypothecated its interest under the Lease. Any construction, build-out, improvements, alterations, or additions to the Premises required under the Lease have been fully completed in accordance with the plans and specifications described in the Lease.

4. All obligations of Landlord under the Lease have been fully performed and Landlord is not in default under any term of the Lease. Tenant has no defenses, off-sets or counterclaims to the payment of rent or other amounts due from Tenant to Landlord under the Lease.

5. Tenant has not been given any free rent, partial rent, rebates, rent abatements, or rent concessions of any kind, except as follows: _NONE_

6. Tenant has not filed and is not the subject of any filing for bankruptcy or reorganization under federal bankruptcy laws or similar state laws.

7. Tenant represents that Tenant: (a) is not in default of the performance of any obligations under the Lease; (b) has not committed any breach of the Lease; and (c) has not received any notice of default under the Lease, which has not been cured.

8. The correct address for notices to Tenant is the Premises above unless otherwise shown below.

9. The person signing below represents that he/she is duly authorized by Tenant to execute this Statement in Tenant's behalf.

10. Tenant understands that: (a) a lender may make a loan secured in whole or part by the Premises, and that if Lender does so, Lender's action will be in material reliance on this Estoppel Certificate; and/or (b) a buyer may acquire the Premises or the building in which the Premises is located, and if buyer completes the purchase, buyer will do so in material reliance on this Estoppel Certificate.

Date: _6-20-08_

Tenant _OMAR TORRES_ _(signature)_

Receipt Acknowledged:                 By _____    **OWNER**
                                                                                                    Title
Date: _____                  By _PIPERIS TRUST_
                                                 Landlord or Manager

                                                 By _____    Title _____

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1990-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

| Reviewed by | | |
|---|---|---|
| Broker or Designee | | Date |

**TEC-11 (PAGE 1 OF 1)**

## TENANT ESTOPPEL CERTIFICATE (TEC-11 PAGE 1 OF 1)

Income Property Services 1343 Locust St. #204 Walnut Creek, CA 94596
Phone: (925) 988 - 0502      Fax: (925) 988 - 0401      Shawn Willis                              Bob Giffin

# EXHIBIT "E"

ENTRANCE TO STAR LAUNDRY:



WINDOW OF "LA TORTA LOCA" (window cannot be open for any reason, well, unless someone breaks it)
AND ENTRANCE TO LAUNDRY:



FROM ENTRANCE, LEFT SIDE OF STAR LAUNDRY:



LOOKING TOWARDS "LA TORTA LOCA" WINDOW AND ENTRANCE TO LAUNDRY FROM ANOTHER ANGLE:



PICTURE IS LOOKING TOWARDS WINDOW OF "LA TORTA LOCA" AND ENTRANCE TO LAUNDRY:



IN FRONT OF BOOTH, PICTURE IS LOOKING TOWARDS THE ENTRANCE OF LAUNDRY:



# EXHIBIT "F"

PICTURE TAKEN FROM INSIDE BOOTH LOOKING OUT:



PICTURE OF INSIDE OF BOOTH:



RIGHT SIDE OF LAUNDRY:



# EXHIBIT "G"

**DISH WAS ON ROOF:**



## PROOF OF SERVICE (SERVICE BY MAIL)

I, Adriana Sanchez, the undersigned hereby declare:

I am over eighteen years of age and not a party to the above action. My business Address is 40051 Michelle Street, Fremont, California 94538.

On August 22, 2008, I served:

### DEFENDANT'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT ORDER and CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

### DEFENDANT VALENTIN A. TORRES' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

### DECLARATION OF VALENTIN A. TORRES

### PROPOSED ORDER

On the party named below, addressed as follows:

> Thomas P. Riley, Esq.
> Law Offices of Thomas P. Riley, P.C.
> First Library Square
> 1114 Fremont Avenue
> South Pasadena, CA 91030-3227
> Facsimile: (626) 799-9795

[ x ]    By U.S. Mail: I placed a true copy in a sealed envelope to the party stated above and deposited the sealed envelope with the United States Postal Service with the postage fully prepaid.

[ ]    By Facsimile: I caused said documents to be transmitted to the above-named parties by a fax machine.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on August 22, 2008, at Fremont, California.

Adriana Sanchez
Adriana Sanchez